[Cite as *State v. Robinson*, 2014-Ohio-520.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-563 |
| | | (C.P.C. No. 12CR-1868) |
| William L. Robinson, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 13, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Jeffrey A. Berndt*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} William L. Robinson is appealing from his convictions for aggravated burglary and sexual battery and the resulting sentences. He assigns two errors for our consideration:

> [I.] THE JURY VERDICTS IN THIS CASE WERE NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> [II.] THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE NECESSARY FINDINGS MANDATED BY OHIO REVISED CODE §2929.14(C)(4).

{¶ 2} Robinson engaged in sexual conduct with A.C. as proved by DNA evidence. Robinson admitted sexual activity with A.C. but testified that he was at her apartment at

her request. He testified that he and A.C. engaged in a variety of sexual activities, all of it consensual. He said A.C. was high as a result of her drug use.

{¶ 3} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 4} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Thompkins* at 387. In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 5} As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996). It was within the province of the jury to make the credibility decisions in this case. *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964), ("It is

the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 6} *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991), (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 7} A.C. testified that she was awakened by the feeling of someone licking her private parts. When she was fully awake, she realized it was not her boyfriend licking her, so she cried out. The man then got in a tussle with her boyfriend and fled.

{¶ 8} The jury believed beyond a reasonable doubt that A.C.'s version of what happened was essentially accurate and supported guilty findings as to aggravated burglary and sexual battery. We cannot say the jury's verdicts were wrong, following the legal standard set forth above. We note that Robinson's version of what happened is not consistent with some of the physical evidence. The jury could have reasonably concluded that A.C. and her boyfriend did not invite Robinson into their residence, but Robinson entered via an open window after moving a chair under the window and climbing into it. Dirt was present in the middle of the chair's seat, consistent with someone having stepped on the chair to boost themselves toward the open window.

{¶ 9} Inside the open window was a couch with what appeared to be handprints on the cushions. This physical evidence was consistent with a person dragging themselves through the open window by placing force on the cushions on the couch. Entry by force and stealth was consistent with the aggravated burglary charge and the jury's finding of guilty as to that charge.

{¶ 10} As to sexual battery, the evidence was plentiful that sexual activity took place at the apartment. Semen which originated with Robinson was found. Indeed, Robinson claimed he engaged in sexual activity with A.C. but his claim was that the activity was with A.C.'s consent and encouragement. If Robinson entered the apartment in the way outlined above, the argument that the sex was consensual had little prospect of being believed by the jury.

{¶ 11} The jury was presented with two explanations for the physical evidence found by the police. The jury found A.C.'s version sufficiently credible to find beyond a reasonable doubt that Robinson was guilty.

{¶ 12} The first assignment of error is overruled.

{¶ 13} The second assignment of error questions whether the trial court judge followed R.C. 2929.14(C) when giving consecutive sentences for the aggravated burglary and sexual battery convictions. Counsel for the State argues that the trial court did make the necessary findings.

{¶ 14} The trial judge stated:

> Moving now to the purposes and principles of sentencing which include the necessity to punish and protect, especially given the serious nature of the offense, breaking into someone's home like that in the middle of the night, and then attacking in very violent sexual nature, I think both of those principles demand a prison sentence. And I think because of the harm was so great in this thing and with the prior criminal record, which was noted by the prosecution, and the court has reviewed in the PSI, the court believes a consecutive term of imprisonment is the appropriate sanction in this matter and would not, is not so great as to be disproportionate.

(Tr. 442.)

{¶ 15} We agree that the trial court's statement on the record complies with R.C. 2929.14(C). We, therefore, overrule the second assignment of error.

{¶ 16} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and CONNOR, J., concur.

————————————