[Cite as *State v. Robinson*, 2015-Ohio-3486.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-563 |
| | | (C.P.C. No. 12CR-1868) |
| William L. Robinson, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on August 27, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Jeffrey A. Berndt*, for appellant.

ON APPLICATION FOR DELAYED REOPENING

TYACK, J.

{¶ 1} William Leslie Robinson, Jr., has filed an application seeking to reopen his direct appeal. Robinson's initial appeal begun in 2013 and concluded in 2014. The time allowed for him to pursue an App.R. 26(B) application for reopening was 90 days from the date the appeal was decided. That 90 days lapsed over one year ago, our judgment having been rendered in February 2014.

{¶ 2} Robinson has not presented a reasonable explanation for his failure to comply with the applicable time limit. Stated directly, he has not shown good cause for his delay. For that reason alone, his application must be denied.

{¶ 3} The allegation that Robinson sent a prior application for reopening to the Supreme Court of Ohio does not constitute a valid excuse for the delay, assuming the

allegation is true.  Robinson should have known that the application needed to be filed with the court which decided his appeal, not some other court.

{¶ 4}   Robinson and his family apparently were having difficulty communicating with Robinson's appellate counsel.  Part of the difficulty seems to center on the fact that Robinson was trying to tell his lawyer how to handle his case.

{¶ 5}   Appellate counsel provided Robinson with copies of the appellate briefs in a timely fashion.  As a result, if Robinson and his family felt that other issues should be raised and argued, they had the opportunity to notify counsel or this court of the additional issues before the case was submitted to a panel of the court for a decision.

{¶ 6}   Ineffective assistance of counsel, either trial counsel or appellate counsel, can only be shown by meeting the very high standards set by *Strickland v. Washington*, 466 U.S. 668 (1984).  Robinson was convicted based upon eyewitness testimony supported by DNA evidence.  Nothing before us indicates that the jury reached the wrong result when it found Robinson guilty of aggravated burglary and sexual battery.  Nothing before us indicates that any of his lawyers rendered ineffective assistance.

{¶ 7}   The application for delayed reopening is denied.

*Application for delayed reopening denied.*

SADLER and HORTON, JJ., concur.

————————