[Cite as *State v. Robinson*, 2017-Ohio-2773.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-887 |
| v. | : | (C.P.C. No. 12CR-1868) |
| William L. Robinson, Jr., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 11, 2017

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellee.

**On brief:** *William L. Robinson, Jr.,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, William L. Robinson, Jr., pro se, appeals the December 8, 2016 judgment of the Franklin County Court of Common Pleas denying his "Post-Conviction Petition to Vacate or Set Aside Judgement of Conviction or Sentence." For the reasons that follow, we affirm the judgment of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The facts of this case are stated in our prior decision affirming appellant's convictions. *State v. Robinson*, 10th Dist. No. 13AP-563, 2014-Ohio-520[1]. As pertinent to this appeal, on April 13, 2012, the grand jury indicted appellant for aggravated burglary and sexual battery. Appellant entered a plea of not guilty to both charges and proceeded

---

[1]Discretionary appeal not allowed by the Supreme Court of Ohio. *State v. Robinson*, 139 Ohio St.3d 1407, 2014-Ohio-2245.

to a jury trial. On May 10, 2013, the jury returned verdicts of guilty to both charges. The trial court sentenced appellant to an aggregate prison term of 13 years. Appellant filed a direct appeal with this court.   The trial transcript was transmitted to this court on August 30, 2013. On February 13, 2014, we affirmed the judgment of the trial court. Appellant filed a delayed motion to reopen the appeal, which was denied. *See State v. Robinson*, 10th Dist. No. 13AP-563, 2015-Ohio-3486.

{¶ 3}   On August 22, 2016, two and one-half years after this court affirmed his convictions, appellant filed a "Post-Conviction Petition to Vacate or Set Aside Judgement of Conviction or Sentence." In his petition, appellant argued that his conviction should be vacated based on his allegation of ineffective assistance of counsel. The state filed a memorandum contra on October 3, 2016. In the decision and entry of December 8, 2016, the trial court denied appellant's petition stating "[t]his matter came before the Court on Defendant's Petition to Vacate or Set Aside Judgement of Conviction.  The Court, after full and careful consideration, finds said motion not well taken and hereby **DENIES** the same." (Emphasis sic.)

## II. ASSIGNMENT OF ERROR

{¶ 4}   Appellant appeals, assigning the following errors for our review:

> [I.]   APPELLANT'S   TRIAL   COUNSEL   PROVIDED
> INCOMPETENT  AND  INEFFECTIVE  ASSISTANCE  AT,
> BEFORE  AND  DURING  TRIAL,  IN  VIOLATION  OF
> APPELLANT'S   FIFTH,   SIXTH   AND   FOURTEENTH
> AMENDMENTS     OF     THE     UNITED     STATES
> CONSTITUTION.
>
> [II.] THE  JURY  VERDICTS  IN  THIS  CASE  WERE  NOT
> SUPPORTED BY SUFFICIENT EVIDENCE TO CONVICT ON
> THE CHARGE OF AGGRAVATED BURGLARY.

## III. DISCUSSION - **TRIAL COURT PROPERLY DENIED THE PETITION**

{¶ 5}   " '[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-

6679, ¶ 58. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 6} The general rule is that any motion filed after the time for appeal has expired that raises constitutional issues is deemed a postconviction petition for relief as defined in R.C. 2953.21 and, therefore, is subject to the time limits and other principles applicable to such petitions. *See State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶ 7} Postconviction relief is a civil collateral attack on a judgment, not an additional direct appeal of the underlying judgment. *State v. Phipps*, 10th Dist. No. 14AP-545, 2015-Ohio-3042, ¶ 5, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A petition for postconviction relief allows the petitioner to present constitutional issues that would otherwise be unreviewable on direct appeal because the evidence supporting those issues is not contained in the record of the criminal conviction. *Phipps* at ¶ 5, citing *State v. Carter*, 10th Dist. No. 13AP-4, 2013-Ohio-4058, ¶ 15. R.C. 2953.21 affords a petitioner postconviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph four of the syllabus.

{¶ 8} Except as provided in R.C. 2953.23, the statute in R.C. 2953.21 allows only a limited time to file a petition for postconviction relief, which "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication" challenged by the petition. R.C. 2953.21(A)(2). This restriction is jurisdictional, as "a court may not entertain a petition filed after the expiration of" that time period. R.C. 2953.23(A). *See also State v. Hanks*, 10th Dist. No. 98AP-70 (June 25, 1998); *State v. Ayala*, 10th Dist. No. 98AP-349 (Nov. 10, 1998).

{¶ 9} R.C. 2953.23 provides only two exceptions under which a court may hear an untimely petition. First, the petitioner must show that either he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," or that his claim is based on a retroactively applicable federal or state right recognized by the United States Supreme Court since filing an earlier petition, and the "petitioner shows by clear and convincing evidence that, but for

constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(a) & (b). Under the second exception, DNA testing results must "establish, by clear and convincing evidence" the petitioner's "actual innocence" of the felony for which he was convicted. R.C. 2953.23(A)(2).

{¶ 10} Here, appellant filed the trial transcript for his direct appeal on August 30, 2013. Thus, appellant's 365-day deadline to file a petition for postconviction relief expired on August 30, 2014. Appellant did not file his petition until August 22, 2016, nearly 2 years after the deadline expired. Thus, appellant's petition for postconviction relief is untimely.

{¶ 11} Because appellant's amended petition for postconviction relief is untimely, he must establish that his petition falls within one of the exceptions specified in R.C. 2953.21(A). Appellant does not claim, nor can he show, that he was unavoidably prevented from the discovery of relevant facts, or that there is a retroactively applicable federal or state right, nor that by clear and convincing evidence, but for constitutional error, no reasonable factfinder would have found him guilty of the offenses of aggravated burglary and sexual battery. R.C. 2953.23(A)(1). Nor can he show that DNA testing results "establish, by clear and convincing evidence" the petitioner's "actual innocence" of the felony for which he was convicted. R.C. 2953.23(A)(2). As such, because appellant filed his petition past the time limit prescribed by R.C. 2953.21(A)(2), the trial court lacked jurisdiction.

{¶ 12} Even if appellant's petition was not time barred, appellant's arguments would fail due to the doctrine of res judicata. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment or conviction, *or on an appeal from that judgment*." (Emphasis sic.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), quoting *Perry* at paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the

context of the petitioner's trial or direct appeal." *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 27.

{¶ 13} "Res judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). As a result, "[p]ostconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). "For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial." *State v. Montgomery*, 10th Dist. No. 13AP-1091, 2014-Ohio-5756, ¶ 19.

{¶ 14} Appellant makes two arguments, both of which relate to an allegation of ineffective assistance of counsel. First, appellant argues that his trial counsel should have requested certain analysis, or have experts consulted, concerning DNA evidence. Second, appellant asserts that his trial counsel was ineffective for failing to produce evidence of appellant's prior consistent statement at trial and, therefore, his convictions were not supported by sufficient evidence.

{¶ 15} Both of these arguments could have been raised during his direct appeal. As a result, they are barred by res judicata. All of his arguments are based on evidence that either was presented at trial, or that appellant argues should have been raised at trial. There is no newly discovered evidence. Because the evidence upon which appellant relies existed or was available for use at the time of trial, it cannot form the basis of a postconviction claim.

{¶ 16} Appellant's postconviction petition is untimely, resulting in a lack of jurisdiction. In addition, even if the trial court had jurisdiction, both of appellant's claimed grounds for relief are barred by res judicata.

## IV. DISPOSITION

{¶ 17} Based on the foregoing, appellant's two assignments of error are overruled. Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

———————————