[Cite as *State v. Robinson*, 2018-Ohio-1166.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-707 |
| v. | : | (C.P.C. No. 12CR-1868) |
| William L. Robinson, Jr., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

_____

D E C I S I O N

Rendered on March 29, 2018

_____

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *William Leslie Robinson, Jr.,* pro se.

_____

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, William L. Robinson, Jr., appeals, pro se, from a judgment of the Franklin County Court of Common Pleas denying his motion for new trial and modification of verdict/sentence. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} The facts and procedural history of this case are outlined in our decision regarding appellant's direct appeal of his case in *State v. Robinson,* 10th Dist. No. 13AP-563, 2014-Ohio-520, and will only be repeated here as relevant to our discussion. In *Robinson*, appellant asserted that: (1) the jury verdicts in the case were not supported by the manifest weight of the evidence, and (2) the trial court erred in imposing consecutive sentences without making the necessary findings mandated by R.C. 2929.14(C)(4). We overruled both assignments of error and affirmed the trial court judgment.

{¶ 3} Subsequently, appellant filed with this court an application for delayed reopening of the appeal. We denied appellant's application noting that appellate counsel had provided appellant with copies of the appellate briefs in a timely fashion and, therefore, appellant had the opportunity to notify counsel or this court of any additional issues before the case was submitted to a panel of the court for a decision. We also noted appellant was convicted of aggravated burglary and sexual battery based on eye witness testimony supported by DNA evidence, and nothing before us indicated that any of his lawyers rendered ineffective assistance of counsel. *State v. Robinson*, 10th Dist. No. 13AP-563, 2015-Ohio-3486.

{¶ 4} On August 22, 2016, appellant filed a petition for postconviction relief. The trial court denied the petition on December 8, 2016, and we affirmed the trial court's denial on May 15, 2017. *State v. Robinson*, 10th Dist. No. 16AP-887, 2017-Ohio-2773.

{¶ 5} On August 18, 2017, appellant filed a motion for new trial and modification of verdict and sentence alleging ineffective assistance of counsel. The trial court denied the petition finding it to be not well-taken. Appellant timely appealed.

## II. Assignment of Error

{¶ 6} Although not expressly articulated, having reviewed his brief it appears appellant asserts a single assignment of error: that the trial court erred in denying his motion for new trial. In support, he makes several arguments including: (1) the verdicts of guilty of sexual battery and aggravated burglary were not supported by sufficient evidence, (2) the judge abused its discretion by not instructing jurors on lesser-included offenses, (3) the judge abused its discretion by admitting certain evidence which was prejudicial to appellant in violation of the Rules of Evidence, (4) the prosecutor engaged in misconduct,[1] and (5) his trial counsel was ineffective in not timely bringing this motion for new trial.

## III. Discussion

{¶ 7} We begin by considering appellant's arguments regarding the timeliness of his motion. Appellant asserts he filed the motion pursuant to Crim.R. 33. An appellate court applies an abuse of discretion standard in reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial. *State v. Anderson*, 10th Dist. No. 12AP-133,

---

[1] We note appellant's motion did not contain an affidavit regarding prosecutorial misconduct which is required by Crim.R. 33(C).

2012-Ohio-4733, ¶ 9. Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law. *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7.

{¶ 8} Crim.R. 33(B) states:

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
>
> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 9} In *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 21, we observed some courts have held a trial court cannot consider the merits of a motion for new trial until it makes a finding regarding timeliness. *See id.*, reference to *State v. Lanier*, 2d Dist. No. 2009 CA 84, 2010-Ohio-2921, ¶ 17 (a defendant may file a motion for new trial along with the request for leave to file said motion, but the court cannot consider the merits of the motion for a new trial until it makes a finding of unavoidable prevention). We also noted in *Jama* the trial court never made a finding of unavoidable prevention or issued an order to that effect because Jama failed to properly seek leave before filing his motion. Such is the case here, as appellant never sought leave to file his motion before filing the same and in ultimately denying appellant's motion, the trial court did not address the timeliness of the motion. Rather, the court indicated that "after full and careful consideration, [the

court] finds said motion not well taken and hereby denies the same." (Emphasis omitted.) (Jgmt. Entry.)

{¶ 10} Nevertheless, we find appellant's motion to be untimely as the verdict was rendered on May 10, 2013, and the motion for new trial was filed well beyond the 14-day deadline outlined in Crim.R. 33.

{¶ 11} As noted above, Crim.R. 33 provides for the filing of an untimely motion for new trial: (1) when it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for new trial, and (2) in the case of newly discovered evidence, when certain criteria are met.

{¶ 12} "A party is 'unavoidably prevented' from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence." *State v. Hoover-Moore*, 10th Dist. No. 14AP-1049, 2015-Ohio-4863, ¶ 13; *State v. Walden*, 19 Ohio App.3d 141, 145-46 (10th Dist.1984).

{¶ 13} "Clear and convincing proof that the defendant was 'unavoidably prevented' from filing 'requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.' " *State v. Lee*, 10th Dist. No. 05AP-229, 2005-Ohio-6374, ¶ 9, quoting *State v. Mathis*, 134 Ohio App.3d 77, 79 (1st Dist.1999). The requirement of clear and convincing evidence puts the burden on a defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Rodriguez-Baron*, 7th Dist. No. 12-MA-44, 2012-Ohio-5360, ¶ 11.

{¶ 14} Appellant stated he brought the motion and the appeal "along with arguments of fact that are *supported by evidence that was presented at trial*." (Emphasis added.) (Appellant's Brief at 7.) Therefore, by his own admission, appellant did not bring the motion on grounds of newly discovered evidence. Review of his motion supports that his motion is supported by evidence presented at trial and not newly discovered evidence.[2]

{¶ 15} In his motion for new trial, appellant stated he was unavoidably prevented from filing a Crim.R. 33 motion because his trial counsel never informed him that she could

---

[2] We reject appellant's argument at page eight of his brief before this court that the lack of jury instructions on lesser-included offenses constitutes "new discovered evidence" because these instructions were not part of the trial court record. (Appellant's Brief at 8.)

or would file a motion for new trial or a modification of sentence.  Appellant further argues the lack of jury instructions on lesser-included offenses "being ignored by the court" appellant's counsel "still does not take these arguments to the next level by motioning the court for a new trial or sentence modification * * * which shows her incompetence and deficiency in not doing so."  (Mot. for New Trial at 28.)  We do not accept this as evidence of being unavoidably prevented from filing the motion as the lack of jury instructions on lesser-included offenses was known to trial counsel and appellant at the time of trial.  At the time of trial and within the time prescribed for filing the motion, appellant was aware of the grounds he asserts in support of his motion.

{¶ 16}  Finally, appellant argues that his motion cannot be barred for untimeliness pursuant to *Jama*.  In *Jama*, we noted the defendant did not file a timely motion and we found the trial court erred in modifying the verdict without providing some reference to a valid authority which permits such a review and modification.  We are not persuaded *Jama* supports a finding that appellant was unavoidably prevented from filing his motion in a timely manner.

{¶ 17}  Accordingly, we find appellant's motion was not timely filed and, therefore, the trial court did not abuse its discretion in denying the motion.

{¶ 18}  Having found appellant's motion to be untimely filed, it is not necessary for this court to address appellant's remaining arguments which address the merits of his motion.

## IV.  Conclusion

{¶ 19}  In conclusion, we overrule appellant's single assignment of error.  The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, P.J., and LUPER SCHUSTER, J., concur.

————————————