[Cite as *State v. Simpson*, 2023-Ohio-2859.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-139 |
| v. | : | (C.P.C. No. 00CR-5064) |
| Donovan Simpson, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on August 15, 2023

**On brief:** [*Janet Grubb*, First Assistant Prosecuting Attorney], and *Mark R. Wilson,* for appellee.

**On brief:** *Donovan Simpson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, P.J.

{¶ 1} Defendant-appellant, Donovan Simpson, appeals from an entry of the trial court denying appellant's motions to vacate the sentence imposed on December 6, 2016 filed on August 11, 2022 and January 10, 2023. For the following reasons, we affirm.

I. **Facts and Procedural History**

{¶ 2} This matter has previously been considered by the court in prior decisions. In 2001, in appellant's direct appeal of the original sentence, we set forth the factual basis of appellant's convictions as follows:

> In the early morning hours of October 27, 1997, a fire broke out at [] South Wheatland Avenue in Columbus, Ohio. At the time, [A.B.] and three of her four children, [S.B.], age five, [E.B.], age three, and [M.], five-months old, were asleep in the house. Also

sleeping in the house were two men, [T.H.] and [G.W.], [M.]'s father. [T.H.] was awakened early that morning by a loud crash of glass. He found the house engulfed in flames. After running out of the house, [T.H.] was able to wake [A.B.] and [G.W.], who were sleeping with [M.] in the same room. They were able to get out of the house. Unfortunately, they were not able to reach the two children who were sleeping in a back bedroom. Members of the Columbus Fire Department ("CFD") arrived on the scene and were able to find the two children and take them directly to Children's Hospital. However, as a result of the injuries sustained in the fire, [S.B.] died days later. [E.B.] survived, but suffered serious injuries.

By indictment filed August 24, 2000, appellant was charged with thirteen counts relating to the fire at [] South Wheatland Avenue. Appellant was charged with two counts of aggravated murder for the death of [S.B.], in violation of R.C. 2903.01. Both counts contained death penalty specifications pursuant to R.C. 2929.04(A). Appellant was also charged with five counts of attempted murder of the five other people in the house, in violation of R.C. 2923.02 and 2903.02; one count of aggravated arson, in violation of R.C. 2909.02; and five counts of felonious assault, in violation of R.C. 2903.11. Appellant entered a not guilty plea to all of the charges and proceeded to a jury trial.

* * *

After deliberating, the jury returned verdicts finding appellant guilty of all five counts of attempted murder and felonious assault, guilty of one count of aggravated arson, guilty of the lesser included offense of murder of [S.B.], and guilty of the aggravated felony-murder of [S.B.], also finding appellant guilty of the death penalty specification because the aggravated murder was part of a course of conduct involving the purposeful killing of, or attempt to kill, two or more persons.

Subsequently, a mitigation hearing was held to determine the proper penalty for the death penalty count of the indictment. The jury found that the aggravating circumstances of the crime did not outweigh the mitigating circumstances beyond a reasonable doubt and, therefore, voted to impose a sentence of life imprisonment without parole eligibility for thirty years. The trial court sentenced appellant on all counts to a total of 90 years in prison.

*State v. Simpson*, 10th Dist. No. 01AP-757, 2002-Ohio-3717, ¶ 2-3; 16-17. We affirmed appellant's convictions, but remanded the matter for resentencing, finding that the trial

court failed to make all the requisite findings for the imposition of maximum and consecutive sentences. *Id.* at ¶ 85. On remand, the trial court resentenced appellant to an aggregate prison sentence of 79 years.

{¶ 3} Subsequently, we had cause to consider this matter again in the context of an appeal from the denial by the trial court of appellant's motion for correction of the calculation of jail-time credit. *See State v. Simpson*, 10th Dist. No. 21AP-52, 2021-Ohio-4066. Therein, we set forth the procedural events which occurred after appellant's direct appeal as follows:

> Pursuant to subsequent federal habeas corpus proceedings, appellant's aggravated murder, murder, and attempted murder convictions were vacated subject to plaintiff-appellee, State of Ohio, commencing a re-trial within 90 days; appellant's convictions for one count of aggravated arson and five counts of felonious assault remained undisturbed. Following return of the matter to the trial court, appellant agreed to be resentenced in lieu of facing a second trial. On December 6, 2016, the trial court conducted a resentencing hearing pursuant to R.C. 2929.19. At that hearing, the court noted that the parties had reached a resolution regarding resentencing. The prosecution recited the particulars of the agreement: a nolle prosequi of the aggravated murder, murder, and attempted murder counts in exchange for appellant being resentenced to an aggregate prison term of 25 years, consisting of 9 years on the aggravated arson count and 16 years total on the five felonious assault counts; * * *. (Dec. 6, 2016 Resentencing Hearing Tr. at 3.) Defense counsel acknowledged the joint agreement, averring that "[w]e understand that the composite sentence is 25 years flat * * * in two separate chunks of time, a total of 5,878 days served." *Id.* at 4-5. When questioned by the trial court, appellant indicated that he understood the joint agreement and that he had been afforded a sufficient opportunity to discuss it with counsel.
>
> In accordance with the joint agreement, the trial court issued a judgment entry on December 7, 2016 in which it entered a nolle prosequi on the aggravated murder, murder, and attempted murder counts and imposed an aggregate sentence of 25 years, consisting of 9 years on the single count of aggravated arson and a total of 16 years on the five counts of felonious assault.
>
> Appellant did not appeal his sentence.

*Simpson*, 2021-Ohio-4066 at ¶ 3-5.

{¶ 4} In addition to the details of the December 6, 2016 resentencing hearing as set forth above, we further note that the record shows that appellant stated at the hearing that he had no questions for the court and that he had sufficient opportunity to discuss the joint recommendation agreement and how it might affect his "lack of ability to appeal from here" if he entered into the joint recommendation agreement. (Resentencing Hearing Tr. at 5-6.) Defense counsel also stated that appellant understood "this is it, this ends his case without further appellate review or anymore post trial court litigation." *Id.* at 4.

{¶ 5} Despite the foregoing assurances by and on behalf of appellant, it was not long before appellant became dissatisfied with the agreement that he had made with appellee. Indeed, since the time of the agreement and resentencing hearing, appellant has filed with the trial court six motions to vacate his sentence; four motions requesting additional jail-time credit; four motions for judicial release: two motions to withdraw or vacate a guilty plea (this despite the fact that appellant has not pled guilty); and a motion to correct sentence. In addition, appellant has filed with this court three petitions for a writ of mandamus and a petition for a writ of habeas corpus. *See State of Ohio ex rel. Simpson v. Judge John Bender*, 10th Dist. No. 05AP-147 (Sept. 15, 2005) (memorandum decision); *State of Ohio ex rel. Simpson v. Judge John F. Bender*, 10th Dist. No. 05AP-979 (Mar. 2, 2006) (memorandum decision); *State ex rel. Simpson v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. No. 18AP-514 (Dec. 18, 2018) (memorandum decision); *State ex rel. Simpson v. Warden Charles Bradley Pickaway Corr. Inst.*, 10th Dist. No. 18AP-1002, 2019-Ohio-1620.

{¶ 6} Relevant to the instant appeal, appellant filed a "Motion to Vacate Void Sentence as it is Contrary to Law" on August 11, 2022. Appellee opposed the motion on August 12, 2022. While that motion was still pending, appellant filed a "Motion to Vacate the Sentence Imposed on December 6, 2016 as it is Contrary to Law" on January 10, 2023, which was opposed by appellee on January 13, 2023. In both motions, appellant argued, in essence, that the sentence imposed on December 6, 2016 must be vacated because he was previously sentenced on Counts 8 through 13 of his indictment, and 15 years later, the State requested he be resentenced after appellant's successful habeas corpus petition vacating his murder and attempted murder convictions. On March 2, 2023, the trial court denied both motions as precluded by res judicata.

{¶ 7}  Appellant's timely appeal is now before us.

## II.  Assignment of Error

{¶ 8}  Appellant assigns the following as his sole assignment of error:

> The trial court abused its discretion when it permitted the State to collaterally attack a voidable sentence in violation of *State v. Timmons* 2012-Ohio-2079 and in furtherance of *State v. Henderson* 2020-Ohio-4784.

(Sic passim.)

## III.  Legal Analysis

{¶ 9}  Although not cogently articulated as such, we interpret appellant's sole assignment of error as essentially contending that the trial court erred by denying his motions to vacate his December 6, 2016 sentence.  We disagree.

{¶ 10}  " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Mobley*, 10th Dist. No. 20AP-350, 2021-Ohio-492, ¶ 11, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The doctrine of res judicata " 'promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.' " *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 37, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18.

{¶ 11}  In *Harper,* the Supreme Court of Ohio "reevaluate[d] the basic premise of [its] void-sentence jurisprudence" "with the traditional understanding of what constitutes a void judgment." *Harper* at ¶ 34, 4.  The *Harper* court wrote "[a] sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id*. at ¶ 42.  But, when the trial court has jurisdiction to act, sentencing errors "render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id*.  The court in *Harper* concluded its analysis with a warning:  "[h]aving realigned our jurisprudence with the traditional understanding of void and voidable sentences, we caution prosecuting attorneys, defense counsel, and pro

se defendants throughout this state that they are now on notice that any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *Id.* at ¶ 43.

{¶ 12} In *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, the Supreme Court of Ohio further clarified its holding in *Harper*, stating thus:

> *Harper* overruled our prior cases that conflicted with its holding, i.e., those cases in which we labeled as void sentences in which a trial court erred when imposing postrelease control. *Id.* at ¶ 40. But *Harper* did not involve a case in which a trial court deviated from a statutory mandate. Although *Harper* concluded that a sentence is void only when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused, *see id.* at ¶ 42, we are mindful that parties may still try to distinguish *Harper* from cases that do not involve the imposition of postrelease control. *Today, we make it clear that sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant,* including sentences in which a trial court fails to impose a statutorily mandated term. A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused.
>
> * * *
>
> Our decision today restores the traditional understanding of what constitutes a void sentence. A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable. *Neither the state nor the defendant can challenge the voidable sentence through a postconviction motion.*

(Emphasis added.) *Henderson*, ¶ 27, 43. Thus, so long as the trial court had subject-matter jurisdiction over the case and personal jurisdiction over the defendant, claims that the trial court erred in sentencing are subject to res judicata if not raised on direct appeal.

{¶ 13} Here, there is no dispute that the trial court had subject-matter jurisdiction in the case and personal jurisdiction over appellant. As such, any alleged sentencing error renders the judgment voidable, not void, and could only be raised on direct appeal. *State*

*v. Stepherson*, 10th Dist. No. 20AP-387, 2021-Ohio-1709, ¶ 10, citing *State v. Cockroft*, 10th Dist. No. 19AP-738, 2020-Ohio-4436, ¶ 10; *see also State v. Brooks*, 8th Dist. No. 108919, 2020-Ohio-3286, ¶ 9 (writing "[e]ven if the trial court's omission of the term 'full' from [appellant's] sentence was contrary to former R.C. 2929.03(C)(2), the sentencing error would render [the] sentence voidable, not void. Thus, [the] sentence could be challenged only on direct appeal."). Because appellant could have, but did not, raise the alleged sentencing error on a direct appeal, he is now precluded from raising the issue by res judicata.

{¶ 14} Accordingly, based on the foregoing reasons, appellant's sole assignment of error is overruled.

## IV. Disposition

{¶ 15} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and LELAND, JJ., concur.

_____