[Cite as *State v. Robinson*, 2024-Ohio-4977.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 23AP-407 |
| | | (C.P.C. No. 12CR-1868) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| William L. Robinson, Jr., | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 15, 2024

**On brief:** [*Mark Wodarcyk*, First Assistant Prosecuting Attorney], *Michael A. Walsh*, and *Jocelyn Stefancin*, for appellee.

**On brief:** *William L. Robinson*, *Jr.*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, William L. Robinson, Jr., appeals from a judgment of the Franklin County Court of Common Pleas, denying his motion to correct void sentence, filed on June 2, 2023.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 10, 2013, the jury returned a verdict finding appellant guilty of aggravated burglary, in violation of R.C. 2911.11, a felony of the first degree, as charged in Count One of the indictment, and guilty of sexual battery, in violation of R.C. 2907.03, a felony in the third degree, as charged in Count Two of the indictment. The trial court ordered a pre-sentence investigation and continued the case for sentencing to June 5, 2013.

{¶ 3} At sentencing, the trial court imposed 9 years as to Count One and 48 months as to Count Two, to be served consecutively to each other at the Ohio Department of Rehabilitation and Correction. In addition, appellant was provided notice that he was classified, pursuant to S.B. 10, as a Tier III Sex Offender with registration duties for a lifetime that was filed in the trial court record on June 6, 2013; that he "will" have a period of post-release control for 5 years following his release from prison that was filed in the trial court record on June 5, 2013; and he was given notice of the right to appeal that was filed in the trial court record on June 5, 2013. (June 3, 2013 Notice.) All 3 notices were signed by appellant. It is with the use of the word "will" in the notice of post-release control and the use of the word "mandatory" in the judgment entry filed in the trial court record on June 7, 2013, that appellant takes exception. (June 7, 2013 Jgmt. Entry at 2.)

{¶ 4} The facts and procedural history of this case are outlined in our decision regarding appellant's direct appeal in *State v. Robinson*, 10th Dist. No. 13AP-563, 2014-Ohio-520. After the judgment was affirmed, appellant filed a notice of appeal in the Supreme Court of Ohio, *jurisdiction declined*, 139 Ohio St.3d 1407, 2014-Ohio-2245.

{¶ 5} Procedurally, appellant's dissatisfaction has led to him filing the following motions: a motion for delayed reopening on July 13, 2015, and was denied by appellate court in *State v. Robinson*, 10th Dist. No. 13AP-563, 2015-Ohio-3486; notice of appeal filed in the Supreme Court of Ohio, case No. 2015-1620, *jurisdiction declined*, *State v. Robinson*, 2015 Ohio App. LEXIS 3192 (Dec. 2, 2015); August 22, 2016 motion to vacate in the trial court, and denied on December 8, 2016; notice of appeal filed on December 28, 2016, judgment affirmed on May 11, 2017 in *State v. Robinson*, 10th Dist. No. 16AP-887, 2017-Ohio-2773; on June 16, 2017, notice of appeal filed in the Supreme Court, case No. 2017-0809, appeal not accepted for review in *State v. Robinson*, 2017 Ohio LEXIS 1914 (Sept. 27, 2017); August 18, 2017, motion for new trial in the trial court, and denied on September 15, 2017, notice of appeal to this court filed October 4, 2017 in case No. 17AP-707, judgment affirmed June 30, 2018, application for reconsideration denied on August 30, 2018; November 24 and December 8, 2020 appellant filed applications for delayed reconsideration and both were denied on February 16, 2021; February 24, 2021, motions to vacate and for expert assistance filed in the trial court and both were denied on May 14, 2017 and May 17, 2021; on July 19, 2022 filed in the trial court, motion for de novo

resentencing hearing, denied on July 25, 2022; on February 15, 2023 in the trial court, motion to correct void sentence, denied on April 19, 2023; and motion to correct void sentence filed on June 2, 2023 in the trial court, denied on June 21, 2023, which is the subject of the instant timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant assigns the following as trial court errors:

1. The trial court erred and abused their discretion when they denied appellant, Mr. Robinson Jr.'s motion to correct void sentence when it was made clear and apparent from the record that the trial court did not properly impose post release control orally at defendant, Mr. Robinson Jr.'s May 2013 sentencing hearing. The trial court was under an obligated duty to vacate the post release control portion of Mr. Robinson Jr.'s sentence and remanded the matter back to the trial court for resentencing so that post release control can be properly imposed orally, when it was made clear and apparent from Mr. Robinson Jr.'s May 2013 sentencing hearing transcripts that the trial court did not orally order that the defendant, Mr. Robinson Jr.'s, (5) five years of post release control was "mandatory".

2. The trial court erred and abused their discretion when it used the principles of res judicata and the statutes and limitations of "R.C. 2953.21" to deny the defendant, Mr. Robinson Jr.'s motion to correct void post release control sentence[.]

3. The trial court abused their discretion when they denied defendant, Mr. Robinson Jr.'s motion to correct judgment entry when it was made clear and apparent that the trial court's June 2013 judgment entry was not in compliance with "Crim.R. 32(C)", & "R.C. 2505.02"[.]

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 7} We typically review the trial court's denial of a motion to correct a void judgment for an abuse of discretion. "We have defined an abuse of discretion as conduct that is unreasonable, arbitrary or unconscionable." *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A decision is "arbitrary" if it is made " 'without consideration of or regard for facts [or]

circumstances.' " *Id.*, quoting *Black's Law Dictionary* 125 (10th Ed.2014). A decision may also be " 'arbitrary' " if it is " ' "without [an] adequate determining principle; * * * not governed by any fixed rules or standard." ' " *Id.*, quoting *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359 (1981), quoting *Black's Law Dictionary* 96 (5th Ed.1979). *See State v. Hill*, 171 Ohio St.3d 524, 2022-Ohio-4544, ¶ 9.

**{¶ 8}** The applicability of res judicata is a question of law that we review de novo. *State v. Braden*, 10th Dist. No. 17AP-321, 2018-Ohio-1807, ¶ 10. "[I]n criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal 'if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Anderson*, 10th Dist. No. 15AP-897, 2016-Ohio-1089, ¶ 7, quoting *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. *See State v. Castile*, 10th Dist. No. 23AP-155, 2023-Ohio-2860, ¶ 10.

## IV. LEGAL ANALYSIS

**{¶ 9}** As appellant's assignments of error one and three are premised in the alleged failure of the trial court to orally notify him of the mandatory nature of the post-release control sanction and his opposition to the mandatory language imposing post-release control in the judgment entry filed on June 7, 2013, we will answer them together.

**{¶ 10}** First, we look at the statutory language that imposes post-release control, R.C. 2967.28 reads:

> Each sentence to a prison term, other than a term of life imprisonment, for a felony of the first degree, for a felony of the second degree, *for a felony sex offense*, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. This division applies with respect to all prison terms of a type described in this division, including a term of any such type that is a risk reduction sentence. *If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a sentencing court to notify the offender pursuant to division (B)(2)(d) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's*

> *sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division.* This division applies with respect to all prison terms of a type described in this division, including a non-life felony indefinite prison term. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division(B)(2)(d) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(1) of section 2929.14 of the Revised Code a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:
>
> (1) *For a felony sex offense, five years*[.]

(Emphasis added.) R.C. 2967.28(B)(1).

{¶ 11} Appellant takes exception with the trial court's pronouncement: "Mr. Robinson, when you get out of prison, you will be placed on post release control for five years with conditions." (Tr. Vol. II at 445.) The journal entry dated June 7, 2013 states "[a]fter the imposition of sentence, the Court notified the Defendant, orally and in writing, of the applicable period of **five (5) years mandatory** post-release control pursuant to R.C. 2929.19(B)(3)(c), (d), and (e)." (Emphasis sic.) (June 7, 2013 Jgmt. Entry at 2.)

{¶ 12} It is axiomatic that "a court speaks through its journal entries." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 12. Oral pronouncements by a trial court judge do not constitute final appealable orders because they are subject to revision before journalization. *State ex. rel. Marshall v. Glavas*, 98 Ohio St.3d 297, 2003-Ohio-857, ¶ 5. " ' "A court of record speaks only through its journal [entry] and not by oral pronouncement or mere written minute or memorandum." ' " *Id.*, quoting *In re Adoption of Gibson*, 23 Ohio St.3d 170, 173 (1986), fn. 3, quoting *Schenley v. Kauth*, 160 Ohio St. 109 (1953), paragraph one of the syllabus. Appellant cannot make the argument that the post-release control entry did not journalize the mandatory requirement that post-release control be imposed upon him as he was convicted of a felony of the third degree for sexual battery and

declared to be a Tier III Sex Offender. The judgment entry clearly imposed the requirement of mandatory post-release control for five years pursuant to R.C. 2967.28(B)(1).

{¶ 13} Appellant's first and third assignments of error hinge on the failure of the trial court to orally order that "the defendant, Mr. Robinson Jr's post release control was 'mandatory' for (5) five years." (Appellant's Brief at 5.) This case has a tortured procedural history of motions and appeals in attempt to overturn an otherwise lawful sentence and sanction made by the trial court. As already stated, the court speaks through its journal entries, oral pronouncements do not constitute final appealable orders, and journal entries are subject to revision before being journalized.

{¶ 14} Appellant hangs his hat on the principle of void judgments imposed by the trial court in imposing post-release control sanctions, but the Supreme Court of Ohio has clarified this issue in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913. As this court explained in *State v. Simpson*, 10th Dist. No. 23AP-139, 2023-Ohio-2859:

> [A] sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused. But, when the trial court has jurisdiction to act, sentencing errors render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal.

(Internal quotations omitted.) *Id*. at ¶ 11., quoting *Harper* at ¶ 42. We cannot conclude that the trial court abused its discretion in denying this last of a multitude of motions. There is nothing that appellant can point to as unreasonable, arbitrary, or unconscionable about the ruling denying the motion to correct void sentence filed on June 2, 2023. Therefore, assignments of error one and three are overruled.

{¶ 15} Next, we turn to assignment of error two. According to the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis omitted.) *State v. Perry*, 10 Ohio St.2d 175, (1967), paragraph nine of the syllabus. As was explained in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, "the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue," and it "promotes the principles of finality

and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id*. at ¶ 18. *See also State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 35. It also bars an attempt to relitigate the question whether an offender's sentence complies with mandatory statutory provisions. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, ¶ 10-12 (res judicata barred renewed claim that a sentence imposed for an allied offense of similar import is void).

{¶ 16} Appellant's argument that the trial court failed to impose the correct post-release control notice is nullified by the voidable doctrine now followed by Ohio courts. Appellant raised two assignments of error in his direct appeal in *State v. Robinson*, 10th Dist. No. 13AP-563, 2014-Ohio-520, ¶ 1. In *Robinson*, on direct appeal the assignments of error were: (1) "the jury verdicts in this case were not supported by the manifest weight of the evidence" and (2) "the trial court erred in imposing consecutive sentences without making the necessary finding mandated by Ohio Revised Code § 2929.14(c)(4)." (Emphasis omitted.) *Id*. at ¶ 1.

{¶ 17} "Under that doctrine [of res judicata] 'a defendant cannot raise an issue in a postconviction petition if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.'" (Emphasis sic.) *State v. Hough*, 10th Dist. No. 21AP-39, 2021-Ohio-2852, ¶ 10, quoting *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92, citing *Szefcyk* at 96; *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 19 ("Stated differently, in criminal cases res judicata may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated."). The Supreme Court of Ohio also clarifies how the doctrine of res judicata applies to errors imposing post-release control in *Harper* saying:

> Any error in imposing the postrelease-control sanction in his sentence was an error in the exercise of the trial court's jurisdiction that could have been objected to at trial and that may have been reversible error on direct appeal. However, such an error did not render any part of Harper's sentence void. And because Harper could have raised his argument that the trial court failed to properly impose postrelease control on appeal, it is now barred by the doctrine of res judicata.

*Harper* at ¶ 41, citing *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, ¶ 7; *State v. Szefcyk*, 77 Ohio St.3d 93 (1996). Because appellant failed to raise any error in the trial court's alleged failures in giving notice of a five-year mandatory post-release sanction on direct appeal, res judicata applies. Therefore, assignment of error two is overruled.

## V. CONCLUSION

{¶ 18} Based upon the foregoing, the court overrules assignments of error one, two, and three. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BEATTY BLUNT and LELAND, JJ., concur.

————————