[Cite as *State v. Montgomery*, 2014-Ohio-5756.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-1091 |
| | | (C.P.C. No. 10CR-12-7125) |
| Caron Montgomery, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Yeura R. Venters*, Public Defender, *Kathryn Sandford, Shawn P. Welch* and *Lisa Lagos*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Caron Montgomery, appeals the decision and entry of the Franklin County Court of Common Pleas denying his petition for post-conviction relief without an evidentiary hearing. For the following reasons, we reverse and remand the case to the trial court to conduct an evidentiary hearing.

{¶ 2} Montgomery presents two assignments of error for our consideration:

[I.] THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S POST-CONVICTION PETITION WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS AND SUPPORTING EXHIBITS TO MERIT AT MINIMUM AN EVIDENTIARY HEARING AND DISCOVERY.

[II.] THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S POST-CONVICTION PETITION WITHOUT HOLDING AN EVIDENTIARY HEARING AND

AFFORDING HIM THE OPPORTUNITY TO CONDUCT DISCOVERY.

{¶ 3} Caron Montgomery was indicted on January 11, 2011 on one count of murder in violation of R.C. 2903.02; four counts of aggravated murder, with death penalty specifications in each count in violation of R.C. 2903.01 and 2929.04; and one count of domestic violence in violation of R.C. 2919.25 for the homicides that occurred on Thanksgiving Day, November 26, 2010. Montgomery waived a jury trial and pled guilty to the aggravated murders of his girlfriend, Tia Hendricks, her daughter, Tahlia Hendricks (age 10), and her son, Tyron Hendricks (age 2), a child of Montgomery's.

{¶ 4} On May 7, 2012, a three-judge panel accepted Montgomery's guilty plea to each count and specification in the indictment and found Montgomery guilty of the capital counts and specifications. The trial court proceeded to the mitigation phase of the case. The panel accepted the State's exhibits that had been admitted in the evidentiary phase. The trial court also accepted into evidence the sworn testimony of seven witnesses for Montgomery, an unsworn statement of Montgomery, and two joint exhibits.

{¶ 5} The three-judge panel found that the aggravating factors outweighed the mitigating factors beyond a reasonable doubt and therefore the death penalty was imposed.

{¶ 6} On April 9, 2013, Montgomery filed a petition for post-conviction relief which was amended April 25, 2013. The petitions for post-conviction relief assert, among other claims, that his counsel was constitutionally ineffective and that the death sentences were disproportionate to other capital cases. The State filed an answer to the petition. On December 2, 2013, the three-judge panel denied the petition without conducting an evidentiary hearing.

{¶ 7} The first assignment of error argues in part that the trial court should have conducted an evidentiary hearing on the petition for post-conviction relief because the petitioner presented sufficient operative facts and supporting exhibits to merit an evidentiary hearing and additional discovery.

{¶ 8} The right to seek post-conviction relief is governed by R.C. 2953.21(A)(1)(a), which provides, in relevant part:

> Any person who has been convicted of a criminal offense
> * * * who claims that there was such a denial or infringement

of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 9} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). " 'It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained' in the trial court record." *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 13, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000), *discretionary appeal not allowed*, 92 Ohio St.3d 1441 (2001). Post-conviction relief is not a constitutional right but rather a narrow remedy granted only by statute. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction. *Campbell* at ¶ 13.

{¶ 10} The first issue which deserves additional development is the issue of whether counsel was acting reasonably in having Montgomery plead guilty to the charges against him given the facts surrounding the death of Tia Hendricks in particular. Apparently Tia Hendricks and Montgomery were living together but Tia was carrying on a sexual relationship with another man. Tia left Montgomery to watch over her daughter and the young son she had by Montgomery when she spent all or most of the night with her boyfriend and had sexual relations with the boyfriend.

{¶ 11} After she returned to the apartment that she shared with Montgomery, the couple fought. Tia called 9-1-1, and later she was killed by Montgomery.

{¶ 12} The evidence just listed presented a reasonable argument that, as to Tia Hendricks, Montgomery was guilty of voluntary manslaughter. The voluntary manslaughter statute, R.C. 2903.03 reads:

(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly

force, shall knowingly cause the death of another or the
unlawful termination of another's pregnancy.

(B) No person, with a sexual motivation, shall violate
division (A) of this section.

(C) Whoever violates this section is guilty of voluntary
manslaughter, a felony of the first degree.

(D) As used in this section, "sexual motivation" has the same
meaning as in section 2971.01 of the Revised Code.

{¶ 13} The voluntary manslaughter statute does not apply to the killing of the children. They did not do anything to occasion the fit of rage contemplated by the voluntary manslaughter statute. However, an uncontrolled rage of Montgomery toward his live-in girlfriend might have explained how he happened to kill the children.

{¶ 14} A related problem is the decision of Montgomery's trial counsel to submit the issue of sentencing to a three-judge panel. Juries in Franklin County have been very slow to render sentences of death in the years since the legislature included a sentence of life without the possibility of parole as an alternative to the death sentence. Further, only one of the 12 jurors has to have a reasonable doubt that death is the appropriate verdict for the trial court to be barred from handing down a death verdict. Trial counsel should have an opportunity to explain at a hearing the decision about the guilty pleas and the decision to avoid a jury.

{¶ 15} Both of Montgomery's assignments of error assert that the trial court erred in denying an evidentiary hearing to be held on the post-conviction petition.

{¶ 16} A defendant seeking to challenge a conviction or sentence through a petition for post-conviction relief under R.C. 2953.21 is not automatically entitled to a hearing. *Calhoun* at 282; *State v. Jackson*, 64 Ohio St.2d 107 (1980).

{¶ 17} To warrant an evidentiary hearing on a petition for post-conviction relief, a petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. R.C. 2953.21(C); *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 33. As the Supreme Court of Ohio noted in *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), a trial court has a statutorily imposed duty to ensure that a defendant present evidence sufficient to warrant a hearing. The evidence must show "there was such

a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *." R.C. 2953.21(A)(1); *Calhoun* at 282-83. Pursuant to R.C. 2953.21(C), a defendant's petition for post-conviction relief may be denied by a trial court without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *Id.* at paragraph two of the syllabus.

{¶ 18} A trial court may also dismiss a petition for post-conviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus, approving and following *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "Res judicata is applicable in all postconviction relief proceedings." *Szefcyk* at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if defendant raised or could have raised the issue at trial or on direct appeal. *Id.* at syllabus; *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997); *Hessler* at ¶ 36.

{¶ 19} For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial. *Campbell* at ¶ 17; *Cole* at syllabus.

{¶ 20} An appellate court reviews a decision to deny an evidentiary hearing for a post-conviction petition under an abuse of discretion standard. *Campbell* at ¶ 14. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. *Pembaur v. Leis*, 1 Ohio St.3d 89 (1982); *In re Ghali*, 83 Ohio App.3d 460 (10th Dist.1992).

{¶ 21} The record before us does not reveal why experienced counsel would recommend a three-judge panel as the trier of fact on mitigation issues given the underlying facts of the case.

{¶ 22} As noted earlier, an evidentiary hearing could develop why the recommendation was made. We are aware that lead counsel stopped practicing law in central Ohio shortly after this case and moved out of the State. This presents some troubling potential explanations for the decision to shorten the proceedings. Again, counsel should have an opportunity to explain the decision in open court in an evidentiary hearing.

{¶ 23} Further yet, the trial counsel did not present all of the mitigation evidence which was available and is itemized in the petition for post-conviction relief. At a hearing, counsel would also be able to explain the failure to fully develop the mitigation evidence more fully.

{¶ 24} As a result of the above, we sustain both assignments of error. In sustaining them, we do not indicate that discovery, such as presented in a normal civil case, should be allowed. "A post-conviction relief petitioner is not entitled to discovery to help him or her establish substantive grounds for relief." *State v. Gulertekin*, 10th Dist. No. 99AP-900 (June 8, 2000).

{¶ 25} For the following reasons, we reverse the judgment of the Franklin County Court of Common Pleas and remand the case for further proceedings.

*Judgment reversed and remanded*
*for further proceedings.*

BRUNNER, J., concurs.
DORRIAN, J., concurs in part, dissents in part
and concurs in judgment.

DORRIAN, J., concurring in part and dissenting in part.

{¶ 26} I concur in judgment only that the petition contained sufficient operative facts to warrant a hearing only as to the failure to present expert witnesses. (First, second, and eleventh grounds for relief.) Otherwise, I respectfully dissent.

_____