[Cite as *State v. Jennings*, 2018-Ohio-3871.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-248 |
| v. | : | (C.P.C. No. 08CR-2825) |
| Kevin E. Jennings, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 25, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

**On brief:** *Kevin E. Jennings,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Kevin E. Jennings, pro se, appeals the March 7, 2017 judgment of the Franklin County Court of Common Pleas denying his postconviction motion for resentencing. For the reasons that follow, we affirm the judgment of the trial court.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} The facts and procedural history are more fully detailed in appellant's direct appeal of his convictions. *State v. Jennings*, 10th Dist. No. 09AP-70, 2009-Ohio-6840, ¶ 2 - 12. As relevant to this appeal, On April 17, 2008, appellant was indicted for aggravated murder, aggravated robbery, and aggravated burglary—all with an attached firearm specification. On December 5, 2008, the case proceeded to a jury trial. Appellant was tried alongside co-defendant David Mock. The jury found appellant guilty of murder and aggravated robbery as well as the firearm specifications attached to those offenses. On

December 19, 2008, the trial court sentenced appellant to a total of 16 years to life. Appellant appealed his convictions to this court, raising nine assignments of error. We overruled appellant's assignments of error and affirmed his convictions. *Id.*

{¶ 3} On February 3, 2017—over eight years after sentencing—appellant filed what he captioned "Motion for Re-sentencing pursuant to R.C. 2967.28 sentence void/sentence also contrary to law." In the motion, he claimed that his sentence is partially void because the trial court failed to properly impose post-release control ("PRC") and that the 16-years-to-life sentence is contrary to law. The motion also claimed that the trial court committed plain error in its jury instructions and that trial counsel was ineffective in not objecting to the jury instructions. The trial court overruled the motion.

## II. ASSIGNMENT OF ERROR

{¶ 4} Appellant appeals and assigns the following errors:

> [I.] The trial court erred by imposing a Incorrect imposition of PRC in this case. Appellant was not subject to up to five years Post Release as stated by the trial court at Sentencing. The Imposition of Post Release Control should be reversed in light of State v Hunter the variance of what was said at sentencing and what was actually Journalized.

> [II.] The Trial court erred When it sentenced Appellant to a Sentence of Life Without the possibility of Parole for Sixteen years Pursuant to R.C. 2903.02(a).

> [III.] The trial court erred when it gave faulty Jury Instructions that prejudiced Appellant's Jury the right to a fair Jury Instruction to decide the case.

> [IV.] Trial counsel rendered Ineffective Assistance of Counsel when counsel failed to object to the Jury Instructions in this case.

(Sic passim.)

## III. DISCUSSION

{¶ 5} Appellant's motion for resentencing, arguing that his sentence was void and contrary to law, should be treated as a postconviction petition. *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 6. A trial court's decision granting or denying a postconviction petition " 'should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding

on a petition for postconviction relief that is supported by competent and credible evidence.' " *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

{¶ 6} Appellant's assignments of error collectively argue that the trial court erred in overruling appellant's motion for resentencing. Appellant's assignments of error lack merit. For ease of discussion, we will address appellant's assignments of error out of order and in combination.

### A. Assignment of Error Two—Sentencing for Murder Proper

{¶ 7} In assignment of error two, appellant asserts that the trial court did not sentence him to 15 years to life for his murder conviction as required by R.C. 2929.02(B), but, instead, unlawfully sentenced him to life without possibility of parole for 16 years and, therefore, his sentence is void. Appellant is mistaken.

{¶ 8} Both the judgment entry of December 22, 2008, and the corrected judgment entry of January 8, 2009, sentenced appellant as follows:

> FIFTEEN (15) YEARS TO LIFE AS TO COUNT ONE; PLUS A MANDATORY CONSECUTIVE ONE (1) YEAR OF ACTUAL INCARCERATION FOR THE FIREARM SPECIFICATION ON COUNT ONE; SEVEN (7) YEARS AS TO COUNT TWO; PLUS A MANDATORY CONSECUTIVE ONE (1) YEAR OF ACTUAL INCARCERATION FOR THE FIREARM SPECIFICATION ON COUNT ONE, TO BE SERVED AT THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS. THE FIREARM SPECIFICATIONS MERGE FOR PURPOSES OF SENTENCING. COUNTS ONE AND TWO ARE TO BE SERVED CONCURRENTLY WITH EACH OTHER BUT CONSECUTIVE TO THE FIREARM SPECIFICATIONS FOR A TOTAL OF SIXTEEN (16) YEARS TO LIFE.

{¶ 9} Contrary to appellant's argument, as specifically stated above, the trial court properly sentenced appellant to 15 years to life on the murder count. R.C. 2929.02(B). The trial court properly sentenced him to 7 years on the aggravated robbery count. R.C. 2929.14(A)(1). The trial court properly ordered these two sentences to be served concurrently to each other. R.C. 2929.41(A). The trial court properly imposed one year on the firearm specifications. The trial court merged the two firearm specifications. This was proper at the time. Under prior law, firearm specifications attached to multiple counts were to be merged if the offenses occurred during the same act or transaction. Former R.C.

2929.14(D)(1)(b). Then, the trial court properly ordered that the one-year firearm specification be served consecutively with the other offenses. Former R.C. 2929.14(E)(1)(a) (now renumbered R.C. 2929.14(C)(1)(a)).

{¶ 10} Adding the one-year firearm specification to the total 15 years to life sentence on the murder and aggravated robbery counts, the total sentence is 16 years to life. In short, everything about the 16-years-to-life sentence was proper. Appellant's second assignment of error is overruled.

### B. Assignment of Error One—No Discrepancy

{¶ 11} In assignment of error one, appellant argues that his sentence is partially void because of a discrepancy between what was said in court and what was journalized in regards to PRC for his conviction of aggravated robbery. Specifically, he states that the journal entry states five years mandatory PRC, and at the sentencing hearing he was told "[y]ou will be placed on post release control for *up to five – years* with various conditions." (Emphasis added.) (Appellant's Brief at 7.) Appellant is mistaken.

{¶ 12} A review of the sentencing hearing transcript shows that appellant was actually told that "[y]ou will be placed on post release control for up to five - - *for five years* with various conditions." (Emphasis added.) (Tr. at 578.) As such, the trial court corrected the "up to" language, and correctly stated that the period of PRC would be "for five years with various conditions." *Id.* As such, appellant's argument in this regard fails.

{¶ 13} The sentencing entry also correctly states that appellant is subject to a mandatory five-year term of PRC by virtue of his conviction for the first degree felony of aggravated robbery. R.C. 2967.28(B)(1). Appellant also signed a "Notice (Prison Imposed)" form at sentencing that had a "Note" on the bottom of the form that stated that all first degree felonies are subject to "mandatory 5 years." *See State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 26-27 (relying on a similar form). In this case, there is no discrepancy between what the trial court said at the hearing, and what was journalized.

{¶ 14} Moreover, even without the form, or if the trial court did not correct the "up to" language, the sentence was still not void. "[E]ven though the phrase 'up to' has 'discretionary' connotations, mistaken use of such language does not render defendant's post-release control notification void." *Id.* at ¶ 30, quoting *State v. Williams,* 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 23; *see also State v. Maser*, 10th Dist. No. 15AP-129, 2016-

Ohio-211, ¶ 12. Based on the above, appellant's sentence is not void, partially or otherwise. Appellant's first assignment of error is overruled.

### C. Assignments of Error Three and Four—Res Judicata

{¶ 15} In assignment of error three, appellant asserts that the jury instructions in regard to the firearm specifications were in error. He argues that the jury instructions should have allowed the jury to view him as an aider and abettor and not the principle offender. In assignment of error four, appellant argues that his trial counsel was ineffective for failing to object to those jury instructions.

{¶ 16} Appellant's arguments are barred by res judicata. "Res judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). As stated by the Supreme Court of Ohio:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment.

(Emphasis sic.) *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 17} The doctrine of res judicata " 'promotes principles of finality and judicial economy by preventing endless relitigation of an issue upon which there was already a full or fair opportunity to be heard.' " *Daniel v. Williams*, 10th Dist. No. 13AP-155, 2014-Ohio-273, ¶ 18, quoting *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 45, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18. "For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial." *State v. Montgomery*, 10th Dist. No. 13AP-1091, 2014-Ohio-5756, ¶ 19.

{¶ 18} Any claim regarding jury instructions relies solely on matters within the appellate record and thus could have been raised on direct appeal. As a result, appellant's jury instruction argument is barred by res judicata. *State v. Robinson*, 10th Dist. No. 16AP-887, 2017-Ohio-2773, ¶ 12-13. In fact, two of appellant's nine assignments of error on direct appeal, numbers four and five, involved jury instructions.

{¶ 19} Further, his arguments in support of his ineffective assistance claim rely on the trial record, so his claims of ineffective assistance of counsel "could have been fairly determined without resort to evidence outside the record in [his] direct appeal." *State v. McBride*, 10th Dist. No. 14AP-237, 2014-Ohio-5102, ¶ 7, citing *State v. Dixon*, 10th Dist. No. 03AP-564, 2004-Ohio-3374, ¶ 12. In fact, appellant did raise ineffective assistance of counsel as a claim in assignment of error nine in his direct appeal.

{¶ 20} As a result, appellant's arguments in his third and fourth assignments of error could have been raised during his direct appeal. As a result, they are barred by res judicata. Appellant's assignments of error three and four are overruled.

## IV. DISPOSITION

{¶ 21} Based on the foregoing, appellant's four assignments of error are overruled. Therefore, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

————————————————