[Cite as *Williams v. Am. Homes 4 Rent Mgt. Holdings, L.L.C.*, 2019-Ohio-3740.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Alan E. Williams, et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 18AP-627 |
| v. | : | (C.P.C. No. 16CV-0382) |
| American Homes 4 Rent | : | (REGULAR CALENDAR) |
| Management Holdings, LLC dba | | |
| AH4R-OH, LLC, et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 17, 2019

**On brief:** *Buttars, Richardson & Snyder LLC,* and *Karl W. Snyder*, for appellants. **Argued:** *Karl W. Snyder.*

**On brief:** *Reminger Co., LPA, Kevin P. Foley*, and *Jackie Jewell,* for appellees. **Argued:** *Kevin P. Foley.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiffs-appellants, Alan E. Williams, Delores Johnson, Amen Johnson, and Christian Johnson (collectively referred to herein as "the Williamses"), appeal from a decision of the Franklin County Court of Common Pleas entered on May 30, 2018. In its decision, the trial court ruled that a motion for summary judgment filed by defendants-appellees, American Homes 4 Rent Management Holdings, LLC dba AH4R-OH, LLC and AH4R Management-OH (collectively referred to herein as "AH4R"), was timely filed. Because we find the trial court's decision does not constitute an abuse of discretion, we affirm.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}    The Williamses' appeal is based on procedural grounds.  They assert that the trial court abused its discretion by allowing AH4R to file a motion for summary judgment on March 19, 2018, which they assert was after the deadline for filing dispositive motions, and made without requiring AH4R to demonstrate excusable neglect.  Based on our independent review of the record, we conclude that the trial court's ruling did not constitute an abuse of discretion.  Rather, we find the trial court's action to be consistent with the management of its docket.  A detailed review of the record is helpful at this juncture.

{¶ 3}    The Williamses resided in a home they rented from AH4R.  The Williamses allege that AH4R had failed to properly maintain the rental home and had failed to remedy in a reasonable time problems with the rental property that the Williamses had reported, causing health-related issues to the Williamses' health and damage to their personal property.  *See generally* Compl.  On January 13, 2016, the Williamses commenced the underlying action for money damages against AH4R, asserting claims for damages resulting from AH4R's breach of warranty of habitability, negligence, negligence per se, nuisance, breach of contract, and battery.[1]

{¶ 4}    On January 13, 2016, the Franklin County Clerk of Courts generated an original case schedule setting forth the following deadlines:

| | |
|---|---|
| Initial Status Conference | ******* |
| Initial Joint Disclosure of Witnesses | 11/16/16 |
| Supplemental Joint Disclosure of Witnesses | 02/08/17 |
| Trial Confirmation Date | 05/17/17 |
| Dispositive Motions | 09/20/17 |
| Discovery Cut-Off | 10/04/17 |
| Decisions on Motions | 11/15/17 |
| Final Pre-Trial Conference/Order (or Both) | 12/26/17 0900AM |
| Trial Assignment | 01/23/18 0900AM |

(Jan. 13, 2016 Case Schedule.)

---

[1] The Williamses allege that, due to AH4R's negligence in failing to properly maintain the house AH4R rented to them, they endured carbon monoxide leaks, flooding in the house, sewage backing up in the house, and a toxic black mold infestation, causing health-related issues and damaging their personal property.  The Williamses allege they notified AH4R of the ongoing problems, but that AH4R failed to remedy the problems with the house in a reasonable time.

{¶ 5}    On September 15, 2017, five days before the original deadline for the filing of dispositive motion, the parties filed a joint motion to amend the case schedule pursuant to Loc.R. 39.05 of the Franklin County Court of Common Pleas, General Division and Civ.R. 6(B), requesting additional time to complete discovery.  The joint motion stated in part:

> Currently, the dispositive motion deadline is set for September 20, 2017, and the discovery deadline is set for October 4, 2017. The Parties request that the Court extend the dispositive motion deadline out to December 19, 2017, and the discovery cutoff date to January 2, 2017. An extension of approximately ninety (90) days will allow for the completion of discovery and to ensure that this case is decided on the entirety of its merits. For these reasons, the Parties respectfully request the Court amend the case schedule and extend the dispositive motion and discovery deadlines out ninety (90) days. A memorandum setting forth the Parties' full reasoning is attached.

(Sept. 15, 2017 Joint Mot. to Amend at 1.)  The accompanying memorandum memorialized the Williamses' and AH4R's mutual expectations of moving for summary judgment:

> Due to scheduling conflicts, the Parties have yet to complete all necessary depositions, and now request additional time to complete discovery. As such, the Parties request a limited extension of the case schedule so that they may use all the evidence in support of their anticipated motions for summary judgment.

*Id.* at 3.

{¶ 6}    On September 21, 2017, the trial court issued a notice of status conference for October 12, 2017, at which time counsel were to personally appear in the trial court judge's chambers.  Although our examination of the record failed to disclose any order or entry from the trial court that expressly memorialized what transpired during the status conference or what, if any, modification the trial court may have made to the case schedule, the record indicates that the trial court accommodated the parties' joint request because the parties continued to engage in discovery beyond the original cut-off date of October 4, 2017.  For example, on October 6, 2017, AH4R filed notices to take depositions of three members of the Williams family on November 2, 2017.  On November 8, 2017, the Williamses filed a notice to take the depositions of AH4R representatives on November 21, 2017.  On February 20, 2018, AH4R filed its supplemental disclosure of witnesses who

might be called at trial.  Additionally, AH4R had scheduled the deposition of the Williamses' expert witness for a date in July 2018.

{¶ 7}   On October 17, 2017, the trial court entered an order converting a January 23, 2018 trial date to a status conference to be held in the trial court judge's chambers.  The trial court subsequently entered an order vacating the final pre-trial scheduled for December 26, 2017.

{¶ 8}   On December 5, 2017, the Williamses and AH4R filed a stipulated protective order that set forth their mutual agreements as to their respective ongoing discovery efforts.

{¶ 9}   The trial court issued a notice of status conference for February 20, 2018, ordering counsel to personally appear in the trial court judge's chambers.  As with earlier status conferences, the record is devoid of any order or entry from the trial court that expressly memorialized what occurred at that status conference.  However, the parties acknowledge in their briefs that their respective counsel attended the February 20, 2018 status conference, at which time the trial court orally extended the deadline to file dispositive motions to March 19, 2018.

{¶ 10}  On February 26, 2018, the trial court issued a notice of status conference for March 19, 2018, again ordering counsel to personally appear in the trial court judge's chambers.  The record is devoid of any order or entry from the trial court that expressly memorialized what occurred at the March 19, 2018 status conference.

{¶ 11}  On March 19, 2018, AH4R filed a motion for summary judgment, seeking judgment against the Williamses on liability and punitive damages on five of their six causes of actions.[2]  AH4R argued in support of the motion that, although the Williamses' complaint alleged that AH4R had failed to properly maintain the home, the Williamses' deposition testimony confirmed that AH4R had responded quickly to remove the mold after being notified by the Williamses.  AH4R argued that it had not breached the warranty of habitability because the home was not wholly unfit or uninhabitable.  AH4R argued further that the Williamses' negligence claim failed because AH4R had acted reasonably and was not the proximate cause of the Williamses' alleged injuries.  AH4R specifically noted that the Williamses could not establish proximate causation because they had failed to present expert testimony to establish that their medical conditions were caused by a toxic

_____

[2] AH4R did not seek summary judgment on the Williamses' claims for damage to their personal property.

substance, and thus had failed to meet their burden of proof.  AH4R argued that the mold in the home did not constitute a nuisance under Columbus City Code Ordinance Section 4513.03(A), that the home had not been declared a nuisance and unfit for habitation by the authorized city official, and that the Williamses had continued to live in the home on a month-to-month basis.  AH4R argued that the Williamses' breach of contract and battery claims were unfounded because AH4R had complied with all the terms of the lease, and there was no evidence of battery by AH4R against the Williamses.  Finally, AH4R argued that the Williamses' claim for punitive damages failed because the Williamses had failed to provide any evidence of malice or fraud on AH4R's part. AH4R submitted, therefore, that there remained no genuine issues of fact as to the five causes of action and that it was entitled to summary judgment on them.

{¶ 12}  On March 26, 2018, AH4R filed the transcripts, including exhibits, of the depositions of Delores Johnson, one of the four named plaintiffs in the underlying matter, and an AH4R representative, John Elsey.

{¶ 13}  On March 29, 2018, the trial court issued a notice of trial scheduled for August 6, 2018.

{¶ 14}  On April 9, 2018, the Williamses filed a memorandum contra AH4R's motion for summary judgment. In addition to addressing AH4R's arguments in support of its motion, the Williamses opposed the motion on the basis that it had not been timely filed. The Williamses stated in pertinent part in their memorandum in opposition that AH4R's motion was untimely, arguing:

> The current dispositive motion deadline lapsed on September 20, 2017 with decisions from the Court by November 15, 2017. No order allowing the filing of dispositive motions after that deadline exists on the docket. Neither did Defendant file for an extension of time pursuant to Civ.R. 6(B), which at this time would require a showing of excusable neglect for its failure to act within the original timeline. Even then, Loc.R. 53.01 of this Court requires dispositive motions be filed no later than the dispositive motion deadline on the case schedule. Defendant filed its Motion on March 19, 2018, or about six months after the dispositive motion deadline expired. (Def.'s Mot. Summ. J.) Defendant made no attempt to demonstrate excusable neglect and its Motion must be declined by rule.

(Apr. 9, 2018 Memo. Contra Mot. for Summ. Jgmt. at 8.) The Williamses attached to their memorandum supporting affidavits of Delores Johnson and Alan Williams, two of the named plaintiffs in the underlying matter.

{¶ 15} On April 16, 2018, AH4R filed a motion for oral hearing and motion for leave to file a motion for summary judgment instanter. This motion for summary judgment was the same motion for summary judgment filed March 19, 2018 but filed with a request for leave to file it instanter. AH4R's memorandum in support of this motion specifically addressed the Williamses' arguments opposing AH4R's first motion for summary judgment, including the argument that AH4R's March 19, 2018 motion for summary judgment was untimely filed. AH4R stated in pertinent part:

> [D]uring the status conference in chambers with [the trial court judge], the Judge indicated that all parties must file pleadings related to discovery matters, including Dispositive Motions, on or before March 19, 2018. [Footnote 1.] Defendants complied with that request. As such, the response to the Motion for Summary Judgment was timely filed should [sic] not be dismissed on procedural grounds, but should be given this Court's consideration.

(Apr. 16, 2018 Mot. for Leave to File Instanter at 2.) In footnote 1, AH4R stated:

> [The Williamses'] counsel specifically asked if the Judge would be issuing an Order moralizing [sic] the March 19, 2018 deadline. [The judge] indicated he would not and made certain that the parties were aware of the deadlines prior to the next status conference.

*Id.*

{¶ 16} AH4R simultaneously filed on April 16, 2018 a reply in support of its original motion for summary judgment on liability and punitive damages. AH4R asserted in its reply that the undisputed evidence remained, the Williamses had no expert testimony to establish proximate causation and had otherwise failed to set forth specific facts showing that there was a genuine issue for trial, and that, therefore, summary judgment was proper as a matter of law.

{¶ 17} On April 26, 2018, the Williamses filed a memorandum contra AH4R's motion for leave to file a motion for summary judgment instanter and motion for oral hearing. The Williamses argued that AH4R could not file a motion untimely and subsequently seek leave of court to file without demonstrating excusable neglect under

Civ.R. 6(B). The Williamses' memorandum contra asserted that, although the trial court had extended the dispositive motion filing deadline to "before March 19, 2018," AH4R's filing still was untimely:

> The [trial] Court indicated that the parties can file motions before March 19, 2018 but that fact does not preclude Plaintiffs' argument that Defendants' filing is untimely according to the civil rules. Defendants again ignore the rules by moving for leave to file their motion after the deadline without a demonstration of excusable neglect pursuant to Civ.R. 6(b)(2) [sic]. Defendant neither filed its Motion for Summary Judgment on time, nor moved for an extension of time before the dispositive motion deadline lapsed in September 2017. There is no basis for the extension without a showing of excusable neglect, which Defendants to this point have failed to even attempt to make. Defendants cannot cure their negligence after the fact without some excuse. Leave at this late stage to file a second untimely motion would be improper.

(Apr. 26, 2018 Memo. Contra Mot. to File Instanter at 1.)

{¶ 18} On May 3, 2018, AH4R filed a reply in support of its April 16, 2018 motion, renewing the contention that the motion for summary judgment was timely filed:

> Defense counsel sought leave from the [trial] Court during the status conference to filed it Motion for Summary [sic] based on the delayed discovery that occurred, including the depositions of the Plaintiffs in November 2017 and the unsuccessful mediation that occurred in December 2017. The [trial] Court granted the requested [sic] by indicating that all parties must file pleadings related to discovery matters, including the Dispositive Motions, on or before March 19, 2018. Defendants timely filed their Motion for Summary Judgment on March 19, 2018.

(May 3, 2018 Reply in Support of Mot. at 1.)

{¶ 19} By entry filed May 30, 2018, the trial court ruled that, "[u]pon [AH4R's] motion, and for good cause shown," AH4R's motion for summary judgment had been timely filed. (May 30, 2018 Entry at 1.) The trial court found it unnecessary to conduct an oral hearing on the matter. The record reflects that AH4R's motion for summary judgment filed April 16, 2018 was "[r]eleased to clear docket." *Id.* at 3.

{¶ 20} By decision and entry filed July 26, 2018, the trial court granted AH4R's motion for summary judgment as to the Williamses' claims for breach of warranty of

habitability, breach of contract, battery, negligence per se, and nuisance, and summary judgment in part on the Williamses' claim for negligence as it pertained to medical damages.[3]

{¶ 21} On August 3, 2018, the Williamses voluntarily dismissed their remaining claim against AH4R without prejudice, pursuant to Civ.R. 41(A)(1)(a).

{¶ 22} On August 21, 2018, the Williamses filed this appeal.

## II. ASSIGNMENT OF ERROR

{¶ 23} The Williamses present a single assignment of error for our review:

> The trial court abused its discretion when it granted [AH4R] leave to file a dispositive motion after the deadline for such action had lapsed and without any demonstration of excusable neglect as required by Ohio Rule of Civil Procedure 6(D)[4] [sic].

## III.  LAW AND DISCUSSION

{¶ 24} Ordinarily, our review of summary judgment is de novo.  *Rose v. Ohio Dept. of Rehab. & Corr.*, 173 Ohio App.3d 767, 2007-Ohio-6184, ¶ 18 (10th Dist.), citing *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997), and *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997).  Here, the sole assignment of error relates to the trial court's exercise of discretion in granting leave to file a motion for summary judgment and is procedural.[5]  Our discussion will focus primarily on the law related to the Williamses' procedural arguments, but we will review the record such that we satisfy for ourselves that not only was the trial court within its discretion to consider AH4R's motion for summary judgment, but that it fairly granted the motion.

{¶ 25} Having thoroughly reviewed the record and the parties' briefs and listened to oral arguments, it appears, and we conclude, that the trial court had apprised all parties at the February 20, 2018 status conference that it was extending the deadline for filing dispositive motions to March 19, 2018.  We find, therefore, that the trial court did not abuse

---

[3] The Williamses' claim of negligence as to damages to their personal property, for which AH4R had not sought summary judgment, remained pending before the trial court.

[4] We take notice that the Williamses' citation to Ohio Rule of Civil Procedure 6(D) in their assignment of error is a typographical error.  The Williamses otherwise cite the relevant rule, Civ.R. 6(B), in their pleadings filed with this Court and the trial court.

[5] The Williamses' assignment of error is that the trial court abused its discretion when it determined that AH4R's motion for summary judgment was timely filed on March 19, 2018, without requiring AH4R to demonstrate excusable neglect.  AH4R argues that the fundamental issue of this appeal is whether the trial court has the right to control its docket.

its discretion in ruling that AH4R's motion was timely filed, removing any need for AH4R to file a motion for leave or to demonstrate excusable neglect.

{¶ 26} Even if we had been persuaded by the Williamses' arguments that AH4R's filing was untimely, we still would not have found that the trial court had abused its discretion under the facts of this matter. Civ.R. 6(B) states in pertinent part as follows:

> Time; extension. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

{¶ 27} It is well-settled that Civ.R. 6(B) grants broad discretion to a trial court concerning procedural matters, and that a ruling by a trial court under Civ.R. 6(B) will be upheld absent an abuse of discretion. *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 465 (1995). An abuse of discretion occurs when a trial court's discretionary judgment is unreasonable, arbitrary, or unconscionable. *State ex rel. McCann v. Delaware Cty. Bd. of Elections*, 155 Ohio St.3d 14, 2018-Ohio-3342, ¶ 12; *State v. Meek*, 10th Dist. No. 16AP-549, 2017-Ohio-9258, ¶ 23. Even under an abuse of discretion standard, however, "no court has the authority, within its discretion, to commit an error of law." *Shaw v. Underwood*, 10th Dist. No. 16AP-605, 2017-Ohio-845, ¶ 25; *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 7. In other words, though careless language has sometimes suggested otherwise,[6] we note that an abuse of discretion may involve an

---

[6] Frequent perfunctory citation to *Blakemore v. Blakemore*, 5 Ohio St. 3d 217 (1983), has often resulted in the incorrect suggestion that an abuse of discretion is "*more than a mere error of law* or judgment." (Emphasis added.) *See, e.g.*, *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶ 60, citing *Blakemore* at 219. This concept originated in *Steiner v. Custer*, and *Steiner* came by it through reference to the second edition of *Black's Law Dictionary*. *Steiner v. Custer*, 137 Ohio St. 448, 451 (1940). However, *Steiner's* comments on abuse of discretion were only "in relation to the present controversy," and did not purport to define the term generally. *Id.* Moreover, the second edition of *Black's* actually did not include the language that abuse of discretion is "*more than a mere error of law* or judgment." (Emphasis added.) *Clinton* at ¶ 60; *Blakemore* at 219. Rather, that early edition of *Black's* defined abuse of judicial discretion by stating, "[t]his term, commonly employed to justify an interference by a higher court with the exercise of discretionary power by a lower court, implies *not merely an error of judgment*, but perversity of will, passion, prejudice, partiality, or moral delinquency. The exercise of an honest judgment, however erroneous it may appear to be, is not an abuse of discretion." (Emphasis added.) *Black's Law Dictionary* 11 (2d Ed.1910).

error in legal decision making such that " '[a] court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts.' " *Independence v. Office of the Cuyahoga Cty. Exec.*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 49, quoting *Doe v. Natl. Bd. of Med. Examiners*, 199 F.3d 146, 154 (Fed.Cir.1999). Here, in effect, the Williamses argue both that the trial court did not follow the civil rules and acted arbitrarily in using its discretion to accept AH4R's motion for summary judgment filed March 19, 2018.

{¶ 28} In making their argument, the Williamses submit that AH4R could have taken several courses of action that would have facilitated timely filing of the March 19, 2018 motion for summary judgment without running afoul of the original September 20, 2017 dispositive motion filing deadline of the original case schedule. The Williamses posit that AH4R could have filed a motion to extend the original deadline or could have requested leave to file, supported with a demonstration of excusable neglect. The Williamses' argument is not well-taken, given that the record shows they had filed a joint motion to amend the case schedule to extend the cut-off dates for discovery and dispositive motions, had filed a stipulated protective order about discovery that occurred well after the cut-off date on the original case schedule, were actively engaged in discovery after the original cut-off date, and had attended the status conferences at which the parties discussed extensions of deadlines with the trial court.

{¶ 29} In any event, it is well-settled law that it is within a trial court's discretion to grant leave for the filing of a motion for summary judgment, even if the case is set for trial. *Indermill v. United Savs., Inc.*, 5 Ohio App.3d 243 (9th Dist.1982); *Woodman v. Tubb Jones*, 103 Ohio App.3d 577, 582 (8th Dist.1995). An appellate court will not reverse the

The modern edition of *Black's*, defines abuse of discretion so as to fully take into account the fact that an error of law constitutes an abuse of discretion. It states that an abuse of discretion is "[a]n adjudicator's failure to exercise sound, reasonable, *and legal* decision-making," or "[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, *illegal,* or unsupported by the evidence." (Emphasis added.) *Black's Law Dictionary* 12 (10th Ed.2014). Moreover, courts that have directly considered the matter have invariably concluded that a court does not have discretion to violate the law. *See State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 15-26 (2d Dist.) (discussing the varying formulations of what constitutes abuse of discretion and concluding "[n]o court -- not a trial court, not an appellate court, nor even a supreme court -- has the authority, within its discretion, to commit an error of law"); *see also, e.g., State v. Robinson*, 10th Dist. No. 17AP-707, 2018-Ohio-1166, ¶ 7; *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7. In short, though *Steiner*'s incautious misstatement of *Black's* has continued to persist in the caselaw as an improper generalized definition, the modern Supreme Court of Ohio has opined, " '[a] court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts.' " *Independence v. Office of the Cuyahoga Cty. Exec.*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 49, quoting *Doe v. Natl. Bd. of Med. Examiners*, 199 F.3d 146, 154(Fed.Cir.1999).

trial court's decision granting leave to file a motion for summary judgment absent an abuse of discretion. The record demonstrates none here. The record supports several conclusions to the contrary. First, the trial court may have exercised its discretion to clarify, extend or modify its oral pronouncement creating a deadline for dispositive motions "to March 19, 2018" such that it meant "on or before March 19, 2018." Alternatively, the trial court may have determined that the instanter second motion that AH4R filed was sufficient to warrant its consideration of its March 19, 2018 motion for summary judgment before trial in order to efficiently resolve certain issues that did not necessitate a trial. In short, we find nothing in the record to support the Williamses' contention that in granting leave to file the motion for summary judgment was an abuse of discretion.

{¶ 30} Civ.R. 56 governs motions for summary judgment and provides:

> (B) For defending party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.

{¶ 31} AH4R's May 3, 2018 reply in support of its April 16, 2018 summary judgment motion describes how AH4R's counsel had sought leave from the trial court during the February 20, 2018 status conference to file a motion for summary judgment "based on the delayed discovery that occurred, including the depositions of the Plaintiffs in November 2017 and the unsuccessful mediation that occurred in December 2017." (AH4R's Brief at 10.) AH4R asserts that the trial court granted AH4R's request "by indicating that all parties must file pleadings related to discovery matters, including the Dispositive Motions, on or before March 19, 2018." (May 3, 2018 Reply in Support at 1.) The trial court, by entry dated May 30, 2018, stated that, "[u]pon Motion of [AH4R], and for good cause shown, [AH4R's] Motion for Summary Judgment was timely filed." The court's entry supports AH4R's assertions that its motion for summary judgment was timely filed, based on the trial court having extended the filing deadline for dispositive motions to March 19, 2018.

{¶ 32} A trial court also may grant leave to file a motion for summary judgment by ruling on the merits of the summary judgment motion. *Woodman* at 582, citing *Indermill* at 243. In *Indermill*, plaintiffs argued the trial court had erred in ruling on defendant's

motion for summary judgment without leave from the trial court. *Indermill* at 243. The Ninth District Court of Appeals observed that, although the record contained no evidence that the trial court had granted leave, a summary judgment motion was filed, the parties fully briefed the merits of the motion, and the trial court ruled on the issues presented. *Id.* The Ninth District stated that "[d]efendant contends that it had verbal leave to file. In any event, we are of the opinion that the consideration of the motion was within the discretion of the judge and that that discretion was not abused here." *Id.* at 244.

{¶ 33} The record before us demonstrates that the underlying case is similar to *Indermill* with respect to the trial court's handling of AH4R's motion for summary judgment. After the parties had fully briefed the motion, the trial court issued a six-page decision that considered the merits of the underlying issues, and in doing so, addressed the arguments raised by the parties, concluding that summary judgment was appropriate. Assuming arguendo that AH4R should have been granted leave to file its motion for summary judgment, the trial court's action manifested its intention to grant such leave, based on *Indermill.*

{¶ 34} Additionally, this Court has upheld trial courts' grants of leave for filing motions for summary judgment after filing deadlines expired. In *Browning v. Navistar Internatl. Transp. Corp.*, 10th Dist. No. 91AP-1286, 1992 WL 112618, 1992 Ohio App. LEXIS 2621 (May 19, 1992), we affirmed the trial court's grant of leave to file a motion for summary judgment, holding that "[t]he trial court's action was not arbitrary or capricious since it appeared that discovery had been completed and that there was a valid basis for contending that there were no genuine issues of fact to be tried, a position later adopted by the trial court in ruling upon the motion for summary judgment." In *Pache Mgt. Co. v. Lusk*, 10th Dist. No. 96APE10-1302, 1997 WL 254096, 1997 Ohio App. LEXIS 2104 (May 15, 1997), we held that the trial court did not abuse its discretion in hearing the merits of appellees' motion for summary judgment, even though it was filed after the deadline cut-off date for dispositive motions in the case schedule.

{¶ 35} The Williamses' claim that the trial court's decision to allow AH4R to file its motion for summary judgment on March 19, 2018 cut short their option heading into trial is not well-taken. Taken altogether, the record indicates that the parties were fully cognizant that the trial court had extended the deadline to file dispositive motions to

March 19, 2018, and that AH4R intended to file a motion for summary judgment. Moreover, that fact that the trial court scheduled a status conference on that date lends more credence to that conclusion. The trial court had before it the intentions of the parties to short circuit certain issues for trial in the form of motions for summary judgment and could further explore whether certain issues were ripe for settlement, having already once sent the parties to mediation, necessitating extension of the case filing schedule in the first instance. Viewing the record in its entirety, we cannot reach any other conclusion than the trial court proceeded within its discretion in considering the motion for summary judgment as timely filed.

{¶ 36} Finally, our examination of the record for the substantive issues contained within the trial court's decision granting summary judgment indicates that the Williamses did not undertake options available to them to protect and preserve their claims after the February 20, 2018 status conference, after the filing of the motion for summary judgment on March 19, 2018, after the trial court's ruling on May 30, 2018 that AH4R's motion was timely filed, or at any time prior to the trial court entering summary judgment in favor of AH4R on the record on July 26, 2018. The Williamses could have filed a motion pursuant to Civ.R. 56(F), which provides:

> When affidavits unavailable. Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

Regardless of the Williamses' claim on appeal, their decision not to undertake some other protective course of action relating to the substantive, as opposed to largely procedural, issues relating to AH4R's motion for summary judgment, is beyond our review.

{¶ 37} Based on our close and thorough examination of the record, the parties' briefs and oral arguments and the law as applied to the procedural and factual circumstances of this appeal, we conclude that the trial court did not abuse its discretion in finding AH4R's motion for summary judgment filed on March 19, 2018 was timely or in its considering the arguments of the motion and granting summary judgment. Inasmuch as the Williamses have not presented any assignment of error as to the validity of the trial court's ruling on

AH4R's motion for summary judgment, we find it on de novo review to be supported by the record and will not disturb it. The Williamses' sole assignment of error is overruled.

{¶ 38} Finally, we address AH4R's request that we afford it reasonable attorney fees pursuant to App.R. 23. We decline to find that the Williamses' appeal is frivolous and hereby deny AH4R's request.

## IV. CONCLUSION

{¶ 39} Based on our independent review of the record, we hold that the trial court did not abuse its discretion in ruling that AH4R's motion for summary judgment was timely filed nor in considering it before trial. We overrule the Williamses' sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and NELSON, JJ., concur.