[Cite as *Arndts v. Univ. of Cincinnati Dept. of Pub. Safety*, 2025-Ohio-5648.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sha-Ann Arndts, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-355 |
| v. | : | (Ct. of Cl. No. 2024-00748JD) |
| University of Cincinnati Department of Public Safety, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 18, 2025

**On brief:** *Sha-Ann Arndts*, pro se. **Argued:** *Sha-Ann Arndts*.

**On brief:** *Dave Yost*, Attorney General, and *Timothy M. Miller*, for appellee. **Argued:** *Timothy M. Miller*.

APPEAL from the Court of Claims of Ohio

PER CURIAM.

{¶ 1} Plaintiff-appellant Sha-Ann Arndts challenges the decision of the Court of Claims of Ohio granting the motion to dismiss filed by defendant-appellee University of Cincinnati Department of Public Safety ("UC"), thereby dismissing appellant's amended complaint for failure to state a claim upon which relief can be granted.

## I. Facts and Procedural History

{¶ 2} On October 22, 2024, appellant filed a complaint against UC. On October 23, 2024, the trial court issued a summons to UC, granting 28 days to serve an answer upon appellant. On November 21, 2024, UC filed a motion to dismiss along with an affidavit

from Dudley Smith, who was serving as the assistant police chief for UC at all times relevant to the present case. On December 18, 2024, appellant filed a memorandum contra UC's motion to dismiss. The same day, December 18, 2024, appellant filed an amended complaint.

{¶ 3} Appellant's amended complaint seeks "damages for injuries that occurred because of dereliction of duty, misconduct, discrimination[,] and unethical behavior among other causes of actions of the University of Cincinnati Campus police." (Dec. 18, 2024 Am. Compl. at 1.) The amended complaint alleges the UC police officer committed dereliction of duty, "misfeasance, malfeasance, nonfeasance, misconduct in office, neglect of duty[,] and gross immorality" in violation of R.C. 3.07, 505.491, and 2921.44. (Am. Compl. at 4.) The amended complaint seeks compensatory damages, special damages, and punitive damages of some unspecified amount greater than $25,000.

{¶ 4} On December 19, 2024, the trial court issued a summons to UC, allowing UC 28 days to serve its answer to the amended complaint. On December 20, 2024, the court's magistrate filed an entry denying UC's motion to dismiss the original complaint, as the subsequent filing of appellant's amended complaint rendered that motion moot. On January 16, 2025, UC filed a motion to dismiss the amended complaint, primarily asserting the complaint is untimely according to statutes of limitations imposed by R.C. 2305.11(A), 2305.111(B), 2305.113(A), and 2743.16(A). On January 30, 2025, appellant filed a motion to strike UC's pending motion to dismiss, which UC opposed in a memorandum contra on February 5, 2025. On February 5, 2025, appellant filed both a motion for default judgment and a memorandum contra UC's motion to dismiss. On February 6, 2025, appellant filed a reply to UC's memorandum contra her motion to strike. On February 7, 2025, the magistrate filed an entry denying appellant's motion to strike.

{¶ 5} On February 7, 2025, UC filed a memorandum contra appellant's motion for default judgment. On February 10, 2025, appellant filed a motion to reconsider the magistrate's denial of her motion to strike. Also on February 10, 2025, appellant filed a reply to UC's memorandum contra appellant's default judgment motion. On February 21, 2025, UC filed both a memorandum contra appellant's motion for reconsideration and a reply to appellant's memorandum contra the motion to dismiss. In this reply, UC included an additional argument that it is immune to suit under the public duty doctrine. On

February 24, 2025, appellant moved to strike UC's reply and filed a reply to UC's memorandum contra the motion for reconsideration. On March 26, 2025, the magistrate entered decisions denying appellant's motion for default judgment, motion for reconsideration, and motion to strike. The trial court that same day, March 26, 2025, granted UC's motion to dismiss the amended complaint, thereby dismissing the case.

{¶ 6} On March 31, 2025, appellant filed a motion to reconsider the dismissal of the case, which UC opposed in a memorandum contra on April 14, 2025. Appellant filed a motion to strike UC's memorandum contra on April 16, 2025 and filed a reply on April 18, 2025. On April 21, 2025, the magistrate entered an order denying appellant's motion for reconsideration.

{¶ 7} Appellant timely appealed the trial court's March 26, 2025 decision granting UC's motion to dismiss.

## II. Assignments of Error

{¶ 8} Appellant assigns the following nine assignments of error for our review:

[I.] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO STRIKE APPELLEE'S MOTION TO DISMISS AS THE MOTION WAS TUNTEMELY FILED, IN VIOLATION OF OHIO RULE OF CIVIL PROCEDURE 15 (A).

[II.] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR DEFAULT JUDGEMENT, AS APPELLEE FAILED TO TIMELY RESPOND TO APPELLANT'S AMENDED COMPLAINT, IN VIOLATION OF OHIO RULE OF CIVIL PROCEDURE 55.

[III.] THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS, AS THE MOTION WAS TUNTMELY AND UNLAWFULLY GRANTED DUE TO THE COURTS BIAS TOWARDS THE APPELLEE.

[IV.] THE TRIAL COURT ERRED IN ASSUMING THAT THE DEFENDANT THE UNIVERSITY OF CINCINNATI CAMPUS POLICE/PUBLIC SAFETY DEPARTMENT EMPLOYEES ARE IMMUNE UNDER THE PUBLIC DUTY DOCTRINE.

[V.] THE TRIAL COURT ERRED IN ASSUMING THAT THE SPECIAL RELATIONSHIP SECTION OF THE PUBLIC DUTY DOCTRINE DID NOT APPLY IN THIS CASE.

[VI.] THE TRIAL COURT ERRED IN SAYING THAT ANY CLAIM FOR MISCONDUCT IN OFFICE AND DERELICTION OF DUTY AS THE BASIS FOR HER CLAIM AND THAT THE COURT OF CLAIMS CAN'T HOLD THE DEFENDANT CIVIALLY LIABLE BECAUSE THEY CAN'T AWARD CIVIL PENALTIES FOR CRIMINAL VIOLATIONS.

[VII.] THE TRIAL COURT ERRED IN ASSUING THAT THE UNIVERSITY OF CINCINNATI SECURITY GUARD WAS A SET LAW ENFORCEMENT OFFICER AND IS A POLITICAL SUBDIVISION GIVING THEM THE IMMUNITY GRANTED TO OFFICERS.

[VIII.] THE TRIAL COURT ERRED IN NOT ALLOWING THE APPELLANT LEAVE TO AMEND HER COMPLAINT BUT RATHER SIMPLY STATED IN THE DISMISSAL THAT THERE WAS CONFUSION AS TO WHAT THE CAUSE OF ACTION WAS AND OTHER BAGUE PARTS OF THE COMPLAINT SO THE JUDGE DECIDED TO MAKE IT WHAT HE WATED RATHER THAN THE FACTS.

[IX.] THE TRIAL COUT ERRED IN NOT FOLLOWING THE GUIDELINES AGAINST Civ. R 12 (B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.

(Sic passim.)

## III. Discussion

### A. First, Second, and Third Assignments of Error

{¶ 9}   In the first, second, and third assignments of error, appellant contends the trial court erred in denying her various motions and granting UC's motion to dismiss because UC failed to file responsive briefs in a timely manner.  As these three assignments of error are interrelated, we consider them together.

{¶ 10}  Trial courts retain broad discretion in procedural matters under Civ.R. 6(B), and for that reason appellate courts uphold such rulings absent an abuse of discretion. *Williams v. Am. Homes 4 Rent Mgt. Holdings, LLC*, 2019-Ohio-3740, ¶ 27 (10th Dist.).

{¶ 11}  The timeline relevant to this group of assignments of error is as follows. Appellant filed her amended complaint on December 18, 2024.  The next day, on December 19, 2024, the trial court issued a summons to UC, providing 28 days for UC to respond to the amended complaint.  On January 16, 2025, UC filed a motion to dismiss. January 16, 2025 is exactly 28 days after December 19, 2024.  UC thus timely filed its

motion to dismiss the amended complaint, and the trial court did not abuse its discretion in so finding. *See* Civ.R. 6. The basis of each of the first three assignments of error is that UC's motion to dismiss was filed too late. Accordingly, because we find UC's motion to dismiss was timely filed, we overrule the first, second, and third assignments of error.

### B. Fourth and Fifth Assignments of Error

{¶ 12} In the fourth and fifth assignments of error, appellant argues the trial court erred in its application of the public duty immunity doctrine. As these two assignments of error are closely related, we consider them together.

{¶ 13} A motion to dismiss for failure to state a claim, filed pursuant to Civ.R. 12(B)(6), tests whether the complaint is sufficient. *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 13 (10th Dist.). We review a trial court's dismissal under Civ.R. 12(B)(6) de novo. *Id.*

{¶ 14} Sovereign immunity dictates a state is immune from liability absent its explicit consent. *See Smith v. Ohio State Univ.*, 2024-Ohio-764, ¶ 12. In R.C. 2743.02, the state expressly waives "its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims," but it nevertheless maintains "the state is immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty." R.C. 2743.02(A)(1) and (A)(3)(a). As relevant here, " '[p]ublic duty' includes, but is not limited to, any statutory, regulatory, or assumed duty concerning any action or omission of the state involving . . . law enforcement." R.C. 2743.01(E)(1)(a). The state may still be held liable, however, if the injured party can establish a special relationship between the state and the injured party. R.C.2743.02(A)(3)(b); *see* R.C. 2743.01(E)(2) (clarifying public duty "does not include any action of the state under circumstances in which a special relationship can be established between the state and an injured party"). The injured party may establish the existence of a special relationship only if it proves the existence of all of the following:

> (i) An assumption by the state, by means of promises or actions, of an affirmative duty to act on behalf of the party who was allegedly injured;
>
> (ii) Knowledge on the part of the state's agents that inaction of the state could lead to harm;

(iii) Some form of direct contact between the state's agents and the injured party;

(iv) The injured party's justifiable reliance on the state's affirmative undertaking.

R.C. 2743.02(A)(3)(b). " 'The absence of factual allegations supporting all elements of the special relationship exception to the public duty rule renders a complaint subject to dismissal pursuant to Civ.R. 12(B)(6).' " *Croce v. Ohio State Univ. Bd. of Trustees*, 2024-Ohio-2138, ¶ 29 (10th Dist.), quoting *Gipson v. Ohio Adult Parole Auth.*, 2024-Ohio-227, ¶ 16 (10th Dist.).

{¶ 15} Appellant's amended complaint alleged she was in recovery from surgery at the University of Cincinnati hospital when two nurses and a campus police officer entered her room and attempted to move her to a wheelchair. She claimed the police officer "watched the nurses beat" appellant and "held back [appellant's] boyfriend so he could not get to [appellant] to help fend off the nurses." (Am. Compl. at 2-3.) The amended complaint also accused the police officer of "not arresting the nurses after the beating" and refusing "to take a complaint or any action against these nurses." (Am. Compl. at 4.)

{¶ 16} The amended complaint makes no allegation that would satisfy R.C. 2743.02(A)(3)(b)(i); appellant fails to claim the state indicated via any sort of promise or action that it had an affirmative duty to act on behalf of appellant. Appellant did, however, plead facts sufficient to support R.C. 2743.02(A)(3)(b)(ii), because a police officer witnessing the incident appellant alleged would certainly know inaction could lead to harm. The amended complaint does not satisfy R.C. 2743.02(A)(3)(b)(iii) because there is no purported fact that could establish any direct contact between appellant and the police officer, other than their mere presence in the same room at the time of the alleged incident. Finally, the amended complaint fails to fulfill R.C. 2743.02(A)(3)(b)(iv) by neglecting to state a fact that would support appellant's justifiable reliance on the police officer. Having found appellant's amended complaint failed on three of the four elements of the special relationship exception to the public duty rule, the state is immune from appellant's suit. *See Croce* at ¶ 29 (classifying all four elements of R.C. 2743.02(A)(3)(b) as prerequisites to the application of the special relationship exception). Thus, we agree with the trial court's

decision to dismiss this case via Civ.R. 12(B)(6). We accordingly overrule the fourth and fifth assignments of error.

### C. Sixth Assignment of Error

{¶ 17} Although the sixth assignment of error is difficult to comprehend, it appears appellant asserts the trial court erred in noting criminal penalties are outside its jurisdiction. The trial court, however, is correct. The Court of Claims does not have subject-matter jurisdiction over criminal matters. *Evans v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-3788, ¶ 12 (10th Dist.), citing *Burse v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-2882, ¶ 15. Thus, "the Court of Claims does not have jurisdiction 'to determine whether or not a crime has occurred for the purpose of awarding civil penalties for criminal violations of state statute.' " *Id.*, quoting *Burse* at ¶ 16. The trial court did not err, and we accordingly overrule the sixth assignment of error.

### D. Seventh Assignment of Error

{¶ 18} In the seventh assignment of error, appellant claims the UC police officer was in reality merely a security guard, and the trial court therefore erred in applying immunity. In appellant's own amended complaint and other filings before the trial court, however, she consistently refers to this individual as a UC campus police officer, not a security guard. Appellant failed to raise this issue before the trial court and does so now for the first time on appeal. "Issues raised for the first time on appeal are deemed to have been waived or forfeited through failure to assert them before the trial court." *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 2019-Ohio-4015, ¶ 7 (10th Dist.). We thus decline to consider appellant's newfound argument for the first time on appeal. Accordingly, we overrule the seventh assignment of error.

### E. Eighth Assignment of Error

{¶ 19} In the eighth assignment of error, appellant appears to complain the trial court prevented her from amending the complaint and instead sua sponte altered the contents of the complaint to clarify the allegations. Contrary to this allegation, appellant filed an amended complaint on December 18, 2024. The fact appellant filed an amended complaint is proof enough the trial court permitted her to amend the complaint. Additionally, appellant fails to elaborate on her claim that the trial court altered the facts

she recited in the amended complaint.  This assignment of error is without merit.  Finding no error, we accordingly overrule the eighth assignment of error.

### F.  Ninth Assignment of Error

{¶ 20}  Lastly, in the ninth assignment of error, appellant argues the trial court did not adhere to the requisite Civ.R. 12(B)(6) standard.  Specifically, appellant posits the trial court did not make reasonable inferences in her favor.  No reasonable inference, however, could have overcome the glaring deficiencies in appellant's amended complaint.  To qualify for the special relationship exception to the public duty immunity rule, the amended complaint needed to include facts sufficient to show the state assumed an affirmative duty to act on behalf of appellant, some form of direct contact between the state's agents and appellant, and appellant's justifiable reliance on the state's affirmative undertaking.  Given the amended complaint did not claim appellant and the UC police officer ever spoke a word to each other, it is highly unlikely any reasonable inference by the trial court would have reached a different result on any of those three elements.  Finding no error in the process by which the trial court applied Civ.R. 12(B)(6), we accordingly overrule the ninth assignment of error.

## IV.  Conclusion

{¶ 21}  Having overruled appellant's nine assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN, BOGGS, and LELAND, JJ., concur.

———————————————